THE STATE, MICHAEL F. WATSON, PROSECUTOR, v. THE TREASURER OF THE CITY OF PLAINFIELD.

1. The city judge of Plainfield having, upon a complaint against prosecutor for the violation of an ordinance of that city, issued his warrant for prosecutor's arrest, and upon the return of the warrant and a plea of not guilty, having held prosecutor under bond for appearance for trial at a specified day at the city court-room, was without power to enter in the record a confession made to the judge by prosecutor, in the privacy of the judge's office, and to make such confession the sole ground of prosecutor's conviction.

2. Under the laws relating to Plainfield a conviction so rendered is reviewable by *certiorari.*

On *certiorari.*

This writ of *certiorari* brings up a record of the city court of the city of Plainfield, from which it appears that the prosecutor was convicted of a violation of some ordinance of that city, and thereupon sentenced by the city judge to pay a fine of $100 and be confined in the county jail for a period of sixty days.

Argued at February Term, 1897, before Justices DIXON, MAGIE and LUDLOW.

For the prosecutor, *James J. Meehan* and *James J. Bergen.*

For the treasurer of the city, *Craig A. Marsh.*

The opinion of the court was delivered by

MAGIE, J.   By section 21 of the charter of Plainfield, the city judge is given authority, upon oath or affirmation that

any person has been guilty of a violation of any of the ordinances of the city, to issue process against such person in the nature of either a summons or a warrant, which process shall state what ordinance the defendant has violated and in what manner the same has been violated. Upon the return of such process the city judge may proceed to hear testimony and to determine and give judgment in the matter without the filing of any pleading. *Pamph. L.* 1872, *p.* 1142.

By section 8 of an act amending that charter, approved April 1st, 1873 (*Pamph. L., p* 482), the court of the city judge was made a court of record, the proceedings in which shall be the same as in Courts for the Trial of Small Causes and subject to the same laws as far as applicable, and that judgments rendered in that court might be appealed from in all cases in which appeals were allowed in Courts for the Trial of Small Causes and in the same manner.

By a clause in section 2 of another supplement to the charter, approved March 18th, 1874 (*Pamph. L., p.* 302), it was enacted that every conviction had before the city judge should be reviewable only by *certiorari* allowed, heard and determined by the presiding judge of the Union County Circuit.

This court has adjudged that the clause last cited was not within the power of the legislature to enact, and that the provisions of section 8 of the act of 1873, above referred to, were not repealed, but remained in force. It was also held that one who had been convicted, by the city judge, of a violation of a city ordinance and desired a review of the judgment, was entitled to an appeal in the same manner that an appeal could be taken from the judgment of a Justice's Court. *Flanagan* v. *Plainfield*, 15 *Vroom* 118.

It is contended that the writ in this case should be dismissed as improvidently issued, on the ground that prosecutor's sole remedy was by appeal to the Common Pleas of Union county. But this argument rests on a misconception of the decision in the case last cited. It is true that, in the opinion then delivered, Mr. Justice Van Syckel stated that the remedy by appeal, by virtue of section 8 of the act of

1873, became exclusive. But it is evident that the learned judge was speaking of judgments of the city judge, of such a character as, if rendered in a Court for the Trial of Small Causes, were appealable. As to such judgments the remedy by appeal, upon his theory, was plainly exclusive, because by the then existing Justice's. Court act, no *certiorari* would lie to bring up a judgment which could be appealed. But by the provisions of that act there were judgments in the Court for the Trial of Small Causes which were not capable of being appealed from, such as judgments given by default or by confession, or in the absence of defendant. *Nix. Dig., p.* 458, §§ 43, 67. Judgments so excluded from relief by appeal were left reviewable by *certiorari.*

The revised Justice's Court act extended the remedy by appeal to all judgments in that court, except such as are given by confession. *Gen. Stat., p.* 1891, § 79. It restricted the review by *certiorari* so that it applies in only two classes of cases, one class comprising judgments from which no appeal would lie, which are only those given by confession, and the other class comprising judgments which the justice had no jurisdiction to render. *Gen. Stat., p.* 1882, § 96. The first class is reviewable by *certiorari* only ; in the other class the remedies provided by appeal and by *certiorari* are concurrent. *Ritter* v. *Kunkle,* 10 *Vroom* 259 ; *Drake* v. *Berry,* 13 *Id.* 60 ; *Hillman* v. *Stanger,* 20 *Id.* 191 ; *Barclay* v. *Brabston, Id.* 629.

The decision in Flanagan *v.* Plainfield, that judgments of the city judge of Plainfield, for convictions for the violation of ordinances, are reviewable in precisely the same mode as judgments rendered in the Court for the Trial of Small Causes leads to this conclusion, viz., that if any such judgments rendered by the city judge are judgments given by confession, they are reviewable by *certiorari* only ; while if any such judgments are rendered without jurisdiction they may be reviewed on appeal or by *certiorari.*

The proceeding in this case, like in the Flanagan case, was instituted by the treasurer of the city of Plainfield. The

result of a conviction is a judgment for a pecuniary penalty, which goes to the treasury of the city. Although such a judgment may also inflict punishment by imprisonment, the fact that it also benefits the city pecuniarily leads to the conclusion that if it is entered on an acknowledgment of a violation of an ordinance, it is a judgment given by confession and may be reviewable by *certiorari.*

Judgments by confession in Courts for the Trial of Small Causes are reviewable by *certiorari,* on the prosecution of the person who confessed the judgment, and in the early history of those courts this court heard and not infrequently gave judgment upon such writs. *Parker* v. *Griggs, South.* 161; *Ferguson* v. *Earl,* 2 *Gr.* 124; *Young* v. *Stout,* 5 *Halst.* 302; *English* v. *Sharpe,* 3 *Gr.* 457.

The result is that, in my judgment, we are bound, on the demand of the prosecutor, to review and pronounce upon this judgment against him.

An examination of the record returned with this writ discloses two fatal errors.

The first appears from the following facts: The sworn complaint on which the city judge acted charged prosecutor with the violation of one ordinance; the process issued thereon (which was a warrant) declared that he was charged with the violation of another ordinance, and the conviction fails to disclose whether the prosecutor was found guilty of the violation of the ordinance set out in the complaint or of that set out in the warrant. It is impossible to discover how this judgment could be set up against a further prosecution for the violation of either ordinance.

The record further discloses this curious state of facts: It appears therefrom that prosecutor was arrested and pleaded not guilty, and was held under $200 bonds for his appearance for trial on August 3d, 1896, at ten o'clock A. M., at the city court-room. Then follows the entry "July 25, 1896. The above person appeared *at my office* and entered a plea of guilty, which I accepted. I thereupon deferred sentence to July 27, 1896." Then follow other entries of appearances

and adjournments, at which prosecutor's counsel sought, without success, for leave for his client to enter a plea of not guilty and to be given a trial, until September 21st, 1896, when the conviction was entered " on his own confession and plea of guilty." No session of the court was held on August 3d, 1896, to which day prosecutor had been held for trial.

The proceeding thus disclosed is wholly indefensible. When the city judge held prosecutor under bond for his appearance for trial on August 3d, the cause was adjourned to that day. During the intervening period no power existed in the city judge to take any step in the proceeding, at least without the consent of prosecutor. Such a consent must be public and formal so as to bind prosecutor. If, therefore, prosecutor had appeared before the city judge during a public session of his court and proffered himself ready to retract his plea of not guilty and to acknowledge the violation of the ordinance with which he stood charged, perhaps the judge would have been warranted in entering the plea upon the record and proceeding to pronounce judgment. But a magistrate, authorized in such matters to deal with the property and liberty of the citizen, ought not to have admitted an accused person to a private interview on the subject of his accusation, and grossly erred when he used an acknowledgment made by the accused in the privacy of the judge's office, and not established by proof when the cause was before him in open court, as the sole basis of a judgment of conviction.

For these reasons the conviction must be vacated and set aside.