JACOB J. VREELAND, RELATOR, v. GEORGE PIERSON, INCUMBENT.

Argued November 6, 1903—Decided February 23, 1904.

1. The act of 1900, entitled "An act respecting the term of office of the collectors of taxes, town assessors and town clerks in towns" (*Pamph. L.* 1900, *p.* 480), is not unconstitutional by reason of deficiency of title, although it establishes a term of office where none had been previously established, affects towns specially incorporated as well as those existing under general laws, and operates upon officials previously elected as well as those thereafter to be chosen.

2. The act of 1900, entitled "An act respecting the term of office of the collectors of taxes, town assessors and town clerks in towns" (*Pamph. L.* 1900, *p.* 480), operates to modify section 7 of the charter of the town of Dover (*Pamph. L.* 1869, *p.* 1161), whereby the like officers were to hold office only during the pleasure of the common council.

On rule to show cause why leave should not be granted to file an information in the nature of a *quo warranto* in the name of the attorney-general.

Before Justices FORT and PITNEY.

For the relator, *Benjamin W. Ellicott* and *John B. Vreeland.*

For the incumbent, *Willard W. Cutler.*

The opinion of the court was delivered by

PITNEY, J. Both parties claim to be lawfully entitled to the office of assessor of taxes of the town of Dover. The incumbent was duly appointed to that office by the common council on May 13th, 1901, and again on May 12th, 1902, and served until May 11th, 1903. On the latter date the council adopted a resolution declaring his office vacant by reason of expiration of his term, and thereupon chose the

relator as his successor. Since that time the council has recognized the relator alone as assessor, while the county board of ·assessors has recognized Mr. Pierson as still incumbent of the office. It is clear from the evidence that Pierson has intruded into the office to a sufficient extent to render proceedings by *quo warranto* proper if his title be unfounded. This question turns upon whether he held office at the will of the council, pursuant to the charter of the town, or whether the charter has in this respect been modified by either of two general enactments that are said to establish a three-year term of office for the town assessor.

Dover was established as a town corporate by a special charter, approved April 1st, 1869. *Pamph. L.* 1869, *p.* 1161. The act establishes a common council as the legislative body of the town, and by section 7 provides that the council "shall and may make and appoint a town treasurer, town marshal, town clerk, assessor, collector, street commissioner and such other subordinate officers as to them may seem proper and necessary for the good government and welfare of the said town; all the officers except those elected by the people to hold their offices during the pleasure of the common council."

The evidence renders it clear that at all times, until May 11th, 1903, the council and all others concerned (including the present incumbent) acted in the belief that this provision remained unmodified. It was the custom of the council to meet annually in the month of May (shortly after the municipal election) for the purposes of organization, and at this time to elect each year their subordinate officers, including an assessor. It was in accordance with this custom that the incumbent was chosen in 1901 and again in 1902.

Two statutes are invoked by the incumbent as conferring upon him a three-years' term. One was enacted in 1896, the other in 1900. *Pamph. L.* 1896, *p.* 55; *Pamph. L.* 1900, *p.* 480.

The act of 1896 has for its title "An act respecting the term of office of the collector of taxes, town assessor and town clerk in towns," and declares shortly that "the term of office of the collector of taxes, town assessor and town clerk here-

after elected in the towns of this state shall be for the period of three years from the time when such term shall commence, as now provided by law." It contains a general repealer of inconsistent legislation.

Although the town clerk of Dover is by the terms of the charter "appointed," that is, chosen by the majority vote of the common council, it is not disputed by the relator that this method of choice amounts to an election, so that the town clerk is "elected" within the meaning of the act of 1896. So far as this court is concerned the point is concluded by *Reid* v. *Gorsuch,* 38 *Vroom* 396.

We deem it doubtful, however, whether the act of 1896 can, on a fair construction, be made to apply to Dover. It does not purport to *establish* a term of office for the officials mentioned in it, but only to *fix the period* of their respective terms in cases where by existing law they hold office for a definite term. That this was the legislative intent is indicated both by the title "An act *respecting* the term of office," &c., and by the language "the term of office shall be for the period of three years *from the time when said term shall commence, as now provided by law.*"

By reference to the general act of 1895, providing for the formation, establishment and government of towns (*Pamph. L., p.* 218; *Gen. Stat., p.* 3525), it will be found to be a part of the legislative scheme, with respect to municipalities governed by that act, that all the officers of the town shall hold for a definite term. Section 27 provides a term of two years for the town clerk. Section 28 a similar term for the collector of taxes. No term seems to be fixed by this act for the town assessor, but by section 10 it is provided that the term of any officer not otherwise provided for may be fixed by the council by ordinance. Sections 15, 16, 18, 19, 22 and 26, as well as other sections not enumerated, render it clear that a fixed tenure of office is a cardinal feature of this legislation. Section 26 confers upon the council the power of removal for cause. The act of 1896 is entirely intelligible as an amendment of the general act just referred to, but its language evinces no intent to subvert such a plan as that

established by the charter of Dover, doubtless in force in other municipalities likewise, where all the subordinate officers hold only during the will of the legislative body and where no means are provided for removing an unfit or unfaithful officer except by the mere exercise of that will.

The construction suggested, of course, leaves it open to question whether the act of 1896 is not unconstitutional for want of generality, in so far as it draws a distinction between towns specially incorporated and those incorporated under general laws, and between towns where the officers in question already had a fixed term and towns where they had none. It was perhaps in view of this constitutional doubt that the act of 1900 (*Pamph. L., p.* 480) was enacted. While substantially identical as to title with the act of 1896, its language has a much broader scope. It declares that "the term of office of the collectors of taxes, town assessors and town clerks heretofore or hereafter elected in all towns of this state, *whether created by any general or special law,* shall be for the period of three years *from the time of such their election."*

It seems plainly the purpose of this enactment to establish a term of office (if not already established) in the several towns of the state, and this irrespective of the source of their corporate powers. This act, in our view, has the effect of modifying the seventh section of the charter of Dover and of establishing a term of three years for the offices mentioned.

The constitutional amendment prohibiting special legislation respecting municipal affairs has superseded the rule of construction previously in force, that a general law did not work an implied repealer of special charters. *Bowyer* v. *Camden,* 21 *Vroom* 87; *Haynes* v. *Cape May,* 23 *Id.* 180, 182; *Morris* v. *Bayonne,* 24 *Id.* 299, 302; *Vreeland* v. *Jersey City,* 25 *Id.* 49, 52; *Farr* v. *Bayonne, Id.* 125; *Crookall* v. *Matthews,* 32 *Id.* 349, 351; *Acquackanonk Water Co.* v. *Passaic,* 36 *Id.* 476; *Peal* v. *Newark,* 37 *Id.* 265, 269.

It is argued in behalf of the relator that the act of 1900 is unconstitutional, because its object is not expressed in the title, as required by the constitution, article 4, section 7, pl.

4. The contention is that the title, "An act respecting the term of office of the collectors of taxes, town assessors and town clerks in towns," is not sufficiently expressive of a purpose to *establish* a term of office where none had been previously established, to affect *specially incorporated towns,* or to legislate *retrospectively* concerning officials previously elected. We deem the objection untenable. The constitution does not require such particularity. *State, Walter, pros.,* v. *Town of Union,* 4 *Vroom* 350; *State, Richards, pros.,* v. *Hammer,* 13 *Id.* 435, 438; *Van Riper* v. *North Plainfield,* 14 *Id.* 349, 350; *Mortland* v. *Christian,* 23 *Id.* 521, 530; *Anderson* v. *Camden,* 29 *Id.* 515, 518.

Having come to the conclusion that the act of 1900 is valid, and that its necessary effect is to modify the charter of Dover by establishing a fixed term of three years for the assessor of taxes, it follows that the incumbent was entitled to hold the office for three years from his original appointment in 1901, unless by reason of the fact that a term of office was not in contemplation at the time of his appointment, or by reason of other obstacles peculiar to the case, the incumbent is debarred from claiming a three-years' tenure. No argument is made to this effect and the point is not passed upon.

The rule to show cause will be discharged, with costs.