RICHARD M. J. SMITH, PROSECUTOR, v. THE BOROUGH OF
HIGHTSTOWN AND DANIEL N. STEWARD.

Argued April 23, 1904—Decided May 11, 1904.

1. The general act relating to boroughs (*Pamph. L.* 1897, *p.* 285)
   provides a complete scheme for the government of boroughs and
   supersedes special charters.
2. Boroughs no longer have the power to license inns and taverns,
   although that power may have been given them by their special
   charters.

On *certiorari.*

Before SWAYZE, J.

For the prosecutor, *Aaron V. Dawes.*

For the defendants, *James Buchanan* and *Linton Satterth-
wait.*

The opinion of the court was delivered by

SWAYZE, J.   The writ in this case removes the proceedings
of the borough of Hightstown granting a license to keep an
inn or tavern to Daniel N. Steward.   It is brought on for
argument under section 5 of the act of 1903.   *Pamph. L.,
p.* 344.   Both sides were represented by counsel at the argu-
ment, and it was conceded that the question was properly
before me for final judgment.

Hightstown was incorporated as a borough by a special
charter.   *Pamph. L.* 1853, *p.* 312.   Section 19 of the charter
gives the common council the sole and exclusive power of
licensing every innkeeper and tavernkeeper within the bor-
ough, in the same manner as the Court of Common Pleas.
Unless this provision of the charter has been repealed, the
proceedings must be affirmed.   If it has been repealed, the
proceedings must be set aside.

The only act which is relied on as repealing this provision of the charter is the general act relating to boroughs (Revision of 1897). *Pamph. L.* 1897, *p.* 285.

Section 97 of that act provides that all acts or parts of acts, general or special, inconsistent herewith, are repealed. The General Borough act contains no provision as to the licensing of inns and taverns, and the defendants argue that it is therefore not inconsistent with the special power granted to Hightstown. The prosecutors argue that the General Borough act was intended to provide a complete scheme for the government of all boroughs, in obedience to the mandate of the constitution requiring the legislature to pass general laws for the regulation of the internal affairs of municipalities.

The Court of Errors and Appeals has decided that general statutes passed in pursuance of this clause of the constitution, so far as they deal with the subject-matter of prior special laws, will be considered as evincing a legislative intent to supersede those earlier laws, and thus will abrogate and annul them. *Haynes* v. *Cape May,* 23 *Vroom* 180, where the reasons for this construction are well stated by Mr. Justice Dixon.

Other cases upon the same subject are collected in the recent opinion of Mr. Justice Pitney. *Vreeland* v. *Pierson,* 41 *Vroom* 508.

Mr. Justice Collins, delivering the opinion of the Court of Errors and Appeals, said, in *Hermann* v. *Guttenberg,* 34 *Vroom* 616 (at *p.* 624), that the Borough act of 1897 is the only instance in which an attempt has been made by the legislature to perform its plain constitutional duty to bring all members of each class of municipalities to uniformity.

The precise question presented is whether the Borough act was intended to deal with the subject-matter of licensing inns and taverns by boroughs. The act was evidently intended to provide a complete scheme for the government of boroughs. Its title indicates that object. By section 1, *"any* borough now in existence" is authorized to adopt a name in the form prescribed by the act; by section 96, it is enacted that every

borough heretofore established under the provisions of any law of this state, which is now an ostensible or *de facto* corporation, shall be governed by the provisions of this act; section 28 defines the general powers of boroughs, and section 29 their power to raise money by taxation. These provisions make it clear, and it was not contested, that all boroughs, no matter how created, are to be governed by this act, and their powers are defined. It is said, however, that the power to license inns and taverns is not one of the powers of the boroughs, and that therefore no argument adverse to the defendants can be drawn from its omission. It is true that the power to license inns and taverns is not one of the necessary powers of boroughs, but it is a power which formerly was granted to some boroughs by special charter, and granted, or attempted to be granted, to all boroughs of the first class by the act of 1884. *Gen. Stat., p.* 1809, § 123. It is a power which is ordinarily granted to municipalities of the higher grade. The question must have been frequently presented to the legislature about the time the act of 1897 was passed. In 1894 a general act for the government of cities was passed, which, by section 21 (*Gen. Stat., p.* 746, § 1374), gave the exclusive power to grant licenses to keep inns and taverns to the city council. In 1895, by an act authorizing towns to become incorporated as cities, this power was given to excise commissioners. *Gen. Stat., p.* 772, § 1484. By the act for the government of towns passed in 1895 (*Gen. Stat., p.* 3534, § 198), this very power was included among the powers granted to town councils.

With these provisions before it, the legislature omitted this power from the Borough act. The only conclusion to be drawn from this omission is that the legislature did not intend that boroughs should have this power.

The defendants argue that the power to license is judicial, and that the power given by sections 28 and 29 are executive and legislative. In my judgment, the power to license inns and taverns is rather administrative than judicial, and the right to impose it upon the courts must rest upon the long-

continued usage in this state. *Paul* v. *Gloucester,* 21 *Vroom* 585. Justice Van Syckel, speaking of the power to license committed to the Court of Common Pleas, says (at *p.* 605): "It might, with equal propriety, have been committed to the board of chosen freeholders, or to any other board created by the legislature. It may now be entrusted to such a board. In our municipalities, it is commonly referred to the city council or to an excise board."

The defendants further urged that the power is saved to the borough of Hightstown by a clause of section 96, which enacts that boroughs shall retain, hold, possess and enjoy, and be absolutely invested with all the rights and property heretofore possessed and enjoyed by the said borough. In my judgment, the "rights" here referred to are in the nature of property rights, as is indicated by the collocation of "rights" and "property." The power to license is a power rather than a right, and when the legislature, in the same section, provided that all boroughs should have all the powers conferred by the act, I think they intended to exclude any power not conferred by the act.

Reliance is also placed on the provision of section 97 that the act is intended to provide for the government of boroughs with the least disturbance to those now existing, but this manifestly refers to the term of office of existing officers and to pending proceedings for public improvements. I do not see how the affairs of the borough of Hightstown could be disturbed by taking away from its council the power to license inns and taverns.

The view I have taken brings the government of Hightstown into harmony with the government of other boroughs, and that alone ought to justify the construction.

The proceedings should be set aside, with costs.