THE MAYOR AND COMMON COUNCIL OF THE CITY OF RAHWAY v. ESTELLE W. HUNT AND ISAAC L. HUNT.

Argued June 6, 1906—Decided November 12, 1906.

1. The general act of March 23d, 1883, constituting police courts in certain cities (*Pamph. L., p.* 177; *Gen. Stat., p.* 2483), operates to modify the provisions of the charter of the city of Rahway respecting police justices. *Pamph. L.* 1865, *p.* 499, § 45.
2. Under section 21 of the act of March 23d, 1883, constituting police courts in certain cities (*Pamph. L., p.* 177; *Gen. Stat., p.* 2483), in civil suits brought to recover a penalty, where the justice has jurisdiction, and the judgment is not recovered by confession, the only direct review is by appeal to the Court of Common Pleas.

On *certiorari.*

Before Justices HENDRICKSON and PITNEY.

For the prosecutors, *Leslie Lupton.*

For the city of Rahway, *Francis V. Dobbins.*

The opinion of the court was delivered by

PITNEY, J.   This writ of *certiorari* brings under review a conviction of the prosecutors, had before a justice of the peace acting as a police justice of the city, for violation of one of the municipal ordinances.

On the part of the city, it is objected *in limine* that the proper method to review such a conviction is by appeal, and that therefore this writ should be dismissed.   In order to determine the point an examination of the laws regulating the procedure becomes necessary.

By the revised charter of the city of Rahway (*Pamph. L.* 1865, *p.* 499), it is, in section 18, enacted that the common council shall appoint (among other officers) two or more police justices.   By section 45 it is enacted that such justices shall have jurisdiction within the limits of the city to hear, try and determine all causes and complaints arising from the

violation of any ordinance, and prescribes the procedure to be adopted, including "an appeal from judgments rendered for fines and penalties only, as in cases where appeal may be now had from judgments in courts for the trial of small causes."

The revised act of 1846 constituting courts for the trial of small causes was at that time in force, by the forty-third section of which (*Rev. Stat.* 1847, *p.* 242; *Nix. Dig.* 1868, *p.* 466) it was enacted that "from any judgment which may be obtained before any justice of the peace, except such as shall have been given by default or by confession, or in the absence of the defendant, where the trial did not take place in his presence, or on a debt, demand or other matter in dispute not exceeding three dollars, either party may appeal to the Court of Common Pleas of the county." By section 67 of the same act it was enacted that no judgment from which an appeal was given to the Court of Common Pleas should be removed into the Supreme Court or Circuit Court by *certiorari* or otherwise, but that the party aggrieved should have relief upon the appeal only, and that both as to matter of law and matter of fact.

The judgment under review was not given by default, or by confession, or in the absence of the defendant, and the matter in dispute exceeds $3. Under section 45 of the Rahway charter there would therefore be a right of appeal, as under section 43 of the Small Cause Court act of 1846. The charter does not, however, in terms, make that appeal exclusive, nor does it by reference adopt the provisions of section 67 of the act constituting the small cause court.

But the charter is, we think, supplemented by the general act of March 23d, 1883, constituting police courts in certain cities in this state. *Pamph. L., p.* 177; *Gen. Stat., p.* 2483. By the first section of this act it is made lawful for the common council of any incorporated city of the third class (Rahway is included within the class) to appoint one or more police justices. Subsequent sections provide, with much particularity, for the jurisdiction of such justices, the procedure to be had before them and the method of judicial review.

This act operates, as we think, to modify the provisions of the city charter respecting police justices. *Vreeland* v. *Pierson,* 41 *Vroom* 508, 511, and cases cited.

By section 21 of the act of 1883 it is enacted that the judgments, orders and proceedings had before any such police justice in any civil suit brought to recover a penalty shall be subject to review by *certiorari,* appeal or otherwise, in all respects the same, and under the same regulations, restrictions and limitations as the like judgments, orders and proceedings in the courts for the trial of small causes are, or may be, by law reviewable; and that all judgments, orders and proceedings had before any such police justice upon any complaint for the violation of any by-law or ordinance, punishable by fine or imprisonment, shall be reviewable at the instance of any defendant by appeal to the Court of Quarter Sessions.

The proceeding under review is a civil suit within the meaning of this section. The ordinance alleged to have been violated prescribes a penalty only, and not fine or imprisonment. The circumstance that the proceeding was instituted by the filing of a sworn complaint upon which a warrant was issued for the arrest of the prosecutors to answer thereto is not controlling. Therefore the first branch of section 21, just quoted, applies. The phrase there employed, "subject to review by *certiorari,* appeal or otherwise" (construed in the light of the context) does not, in our opinion, mean that from any and every such judgment the party aggrieved has his choice of remedy by *certiorari,* appeal or otherwise, but that these methods of review are made severally applicable, according to the circumstances of the case; "in all respects the same, and under the same regulations, restrictions and limitations, as are or may be by law applicable to the like judgments in the courts for the trial of small causes." It will be observed that the restrictions and limitations apply as much to the review by *certiorari* as to the review by appeal. The provisions of law pertinent to the small cause court, as they now stand, are found in sections 80 and 93 of the revised act of 1903 concerning that court. *Pamph. L.; pp.* 276, 279.

Section 80 provides for an appeal to the Court of Common Pleas from any judgment in the small cause court, except such as shall have been given by confession. And section 93 declares that, where the small cause court has jurisdiction, no judgment from which an appeal is given by this act shall be reviewed by *certiorari,* but that the party aggrieved shall have relief by appeal only, and that both as to matter of law and matter of fact. Similar provisions were in the revised act of 1874 concerning the small cause court. *Gen. Stat., p.* 1891, *pl.* 138; *Gen. Stat., p.* 1882, *pl.* 96.

Section 21 of the act of 1883 is more clear in its purpose to restrict the review by *certiorari* in the same manner that such review is restricted with respect to judgments in the small cause court than were the provisions of the amended charter of the city of Plainfield and its supplements (*Pamph. L.* 1872, *p.* 1142, § 21; *Pamph. L.* 1873, *p.* 483, § 8), under which it was held by this court, in *Flanagan* v. *Plainfield,* 15 *Vroom* 118, 121, that the remedy by appeal, where an appeal was given, was exclusive of review by *certiorari.* See, also, *Watson* v. *Plainfield,* 31 *Vroom* 260. What was said in *East Orange* v. *Richardson,* 42 *Id.* 458, 460, was with reference to an act (*Pamph. L.* 1899, *p.* 297, § 34) which simply conferred a right of review by appeal to the Court of Common Pleas upon the same terms as appeals are taken from courts for the trial of small causes, but without express prohibition of a direct review by *certiorari.*

We therefore hold that under section 21 of the act of 1883, in civil suits brought to recover a penalty, where the justice has jurisdiction and the judgment is not recovered by confession, the only direct review is by appeal to the Court of Common Pleas. This exclusion of a direct review by *certiorari* is not unconstitutional as infringing upon the jurisdiction of the Supreme Court, since the Supreme Court may afterwards supervise the judgment of the Court of Common Pleas by *certiorari.* *Traphagen* v. *Township of West Hoboken,* 10 *Vroom* 232, 236; *Flanagan* v. *Plainfield,* 15 *Id.* 118, 122.

Of the reasons assigned for reversal herein, only one ques-

tions the jurisdiction of the trial court, and this on the ground that the record does not set forth any designation or appointment by the police justice of Rahway of the justice of the peace before whom the matter was heard and determined. By *Pamph. L.* 1879, *p.* 247; *Gen. Stat., p.* 2481, any police justice may, in case of his temporary absence from the police court, or inability from any cause to act therein, designate and appoint a justice of the peace to act in his stead, and such justice, while so acting, shall have the powers, authority and jurisdiction of a police justice. The return originally made to the writ of *certiorari* did not show any such designation. Diminution in the record being suggested, a rule for further return was made upon the justice of the peace before whom the conviction was had pursuant to the established practice (*South Brunswick* v. *Cranbury,* 23 *Vroom* 298; *North Plainfield* v. *Goodwin,* 43 *Id.* 146), and in response to that rule the fact that the justice of the peace was duly designated by the police justice is distinctly certified. This leaves the first reason without support, and shows that there was no want of jurisdiction in the court below.

The writ of *certiorari* will therefore be dismissed, with costs.