STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MOE NEWMAN, PLAINTIFF IN ERROR.

Argued October 7, 1941—Decided February 4, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the plaintiff in error, *Emerson L. Richards.*

For the defendant in error, *Harry R. Coulomb,* Prosecutor of the Pleas (*Robert N. McAllister,* of counsel).

The opinion of the court was delivered by

HEHER, J.   Plaintiff in error was convicted of assault and battery upon an indictment charging atrocious assault and battery upon one Dorothy Lee, and sentenced to imprisonment for an indeterminate term of two to three years.   He has caused the entire record of the proceedings had upon the trial to be returned with the bill of exceptions, pursuant to *R. S.* 1937, 2:195-16.

The first point made is that the trial judge erred in permitting "the count for atrocious assault and battery to go to the jury, since it indicated to the minds of the jury that the court felt that this affair was much more serious than it

actually was" and "left the jury in a position to compromise by rejecting the charge of atrocious assault for that of simple assault." The indictment contained but one count; and there was a motion at the close of the case for the direction of "a verdict of not guilty on the charge of atrocious assault and battery." The motion was properly denied.

Inasmuch as the verdict exonerated the accused of this particular accusation, he suffered no prejudice by the ruling, even though the evidence would not sustain a conviction of that offense. Compare *State* v. *Jayson,* 94 *N. J. L.* 467. It is to be presumed that the jury understandingly adhered to the court's instructions and convicted the accused of assault and battery only because the evidence satisfied them of his guilt of that transgression beyond a reasonable doubt. The adoption of the view thus advanced would tend substantially to modify the well-established rule that the accused may be convicted of any crime of a lesser grade or degree, provided it is an ingredient of the greater offense alleged and is therefore included therein. *State* v. *Johnson,* 30 *Id.* 185; *State* v. *Jackson,* 65 *Id.* 105; *State* v. *McDonald,* 89 *Id.* 421; *affirmed,* 91 *Id.* 233.

But it is also maintained that there was error in the denial of the accused's further motion, at the close of the case, for the direction of a verdict of not guilty as to "the lesser offense," *i. e.,* "assault and battery, and/or assault," since the prosecutrix "was the aggressor, and  *  *  * merely received in return, as she was in the act of committing an assault and battery upon" the accused, "a slap, or blow, to repel that attack." We find that the evidence presented a jury question as to this issue.

The fracas occurred at a restaurant bar as guests invited to a birthday party were assembling. There was some horseplay. It was fairly inferable from the evidence that the prosecutrix "slapped" the accused in resentment at liberties she thought (and not altogether without reason) he had taken with her person, and that thereupon he struck her with sufficient force to cause her to fall to the floor, and later again felled her by a violent blow to the head with his fist, thereby causing physical injury. He explained that he merely "pushed

her off" when she struck him with her handbag, the while using what his counsel characterizes as "vile language and profanity of a kind that was calculated to produce a physical response." It is not dispositive of the issue that there was "no evidence that the defendant had provoked the assault upon him." It was for the jury to determine whether, in repelling the alleged assault, he had used more force than reasonably seemed to be necessary for his own protection, and thus had committed an assault and battery.

And if the prosecutrix had directed opprobrious epithets to the accused, such did not constitute justification for the commission of an assault and battery. Even where physically attacked, the actor may use such force only as is, or he reasonably believes to be, necessary for his own protection. Self-defense may not be carried beyond the bounds of necessity. *State* v. *Jayson, supra; State* v. *Len,* 108 *N. J. L.* 439; *State* v. *Brown,* 62 *Id.* 666.

Next, it is maintained that the trial judge erred in refusing to direct the Prosecutor of the Pleas to produce, for the use of the accused, a stenographic statement made by the prosecutrix respecting the altercation, believed to contain admissions at variance with her denial on cross-examination that she had applied certain abusive epithets to the accused just prior to the assault. The insistence is that such self-contradictory statements were admissible as tending to show that the prosecutrix was the aggressor, and also to affect her credibility.

As stated, name-calling would not constitute aggression serving to excuse or justify the assault allegedly perpetrated by the accused, since the element of self-protection would be wholly lacking. And prosecutrix admitted that, prior to the assault, she "slapped" the accused "in the face." Thus it is that the subject of the asserted self-contradiction was collateral and irrelevant to the issue framed, and in this regard the witness' answer was therefore conclusive. And this is likewise the general rule where the witness is cross-examined as to collateral matters for the purpose of affecting his credibility. *State* v. *Mor,* 85 *N. J. L.* 558; *Moloney* v. *Public Service Railway Co.,* 92 *Id.* 539; *State* v. *Conner,* 97 *Id.* 423; *Materka* v. *Erie Railroad Co.,* 88 *Id.* 372; *State* v. *Hendrick*

*and Stanton,* 70 *Id.* 41; *State* v. *Ward,* 101 *Id.* 275. There is authority for the view that a witness may be impeached by proof of inconsistent statements as to matters otherwise collateral for the purpose of affecting his credibility "in the particular cause as distinguished from his general credibility." Where the matters respecting which self-contradiction is predicated are relevant to the "conduct or interest of the witness" in the particular cause, and tend to show interest, motive, passion or prejudice with reference thereto, it has been held that the witness may be impeached by proof of self-contradiction. 70 *C. J.* 1045, *et seq.* But there is no occasion to pursue the inquiry.

The statement in question was not subpœnaed, nor was there a timely notice to produce it; and this court has laid it down that in such circumstances the state is under no obligation to deliver it up, nor was the court required to compel its production. *State* v. *Simon,* 113 *N. J. L.* 521; *affirmed,* 115 *Id.* 207. While our court of last resort reserved opinion upon this question, the rule thus applied was not overruled, and we do not feel at liberty to disregard it.

The contention is also made that the state, for the purpose of neutralizing testimony given by the witness Ridenour, "got before the jury without benefit of cross-examination statements" purporting to have been made by the witness "that were highly prejudicial" to the accused, and that the trial judge, in the charge, "did not direct the jury to disregard the testimony of the witness."

But all this was done with the consent of the accused's counsel, conditioned only that the jury be instructed as to "the effect * * * of neutralizing the testimony." And the court's charge respecting this seems to have been in accordance with the request interposed by the accused; at all events, the charge in this respect was not challenged. Under *R. S.* 1937, 2:195-16, error is predicable "only upon instructions actually given by the court to the jury or instructions refused to be given upon request." *State* v. *Leo,* 80 *N. J. L.* 21. It is therefore unnecessary to determine whether the instruction fully satisfied the requirements of the rule laid down in *State* v. *D'Adame,* 84 *Id.* 386, 397.

It is also urged that the trial judge erred in overruling questions propounded on cross-examination of the state's witness, Dodson, designed to elicit "what the defendant said to him at the time of the assault." The rulings were grounded in the hypothesis that the utterance was not a part of the *res gestæ*.

It is not shown that the asserted statement of the accused to the witness was material to the issue. It is said that the answer would have been a denial that the accused had "molested" the prosecutrix and a charge that Dodson was the "offender." But this plainly would have had no bearing upon the determination of the issue framed by the indictment and plea. Even though the prosecutrix had falsely made such an accusation, there would have been in that circumstance no justification for the alleged assault as a reasonable measure of self-defense.

The remaining causes for reversal are likewise lacking in substance.

The motion for a mistrial on the ground that the Prosecutor of the Pleas, "in the presence of the jury, asked the defendant then on the witness stand if he had been convicted of crime," was addressed to the sound discretion of the court; and the accused did not, by its denial, suffer manifest wrong or injury within the intendment of *R. S.* 1937, 2:195-16.

This is also true of the refusal of the accused's motion for a mistrial on the ground that the Prosecutor had conveyed to the jury his opinion that the accused was guilty of atrocious assault and battery. We need not determine whether the prosecuting officer violated the proprieties in this regard. It suffices to say that ample relief could have been had by the striking out of the improper comment, if such there was, and an instruction to the jury to disregard it. Counsel did not take this course; and there is therefore no occasion to complain on that score. *State* v. *Corson,* 108 *N. J. L.* 12; *affirmed,* 109 *Id.* 144.

And the variance between the allegation of the indictment and the proof as regards the time of the commission of the offense is of no consequence. The indictment alleged that the offense was committed on February 17th, 1940, whereas

the proofs tended to show that it occurred on February 17th, 1941. This was obviously a typographical error that in nowise prejudiced the accused.

Though the sentence seems harsh when considered in the light of the circumstances exhibited by the record, the judgment in this regard is not revisable on error where the trial judge's discretion is exercised within the limits laid down by the statute.

The judgment is accordingly affirmed.