THE STATE, DEFENDANT IN ERROR, v. FRED. WEBBER, PLAINTIFF IN ERROR.

Submitted December 6, 1907—Decided February 24, 1908.

1. The object of a distinct description in an indictment of goods alleged to have been stolen is to fairly inform the defendant of the precise offence with which he is charged, and to secure him against another prosecution for the same offence, and before pleading he has a right to require a specific description, but the crime is sufficiently charged if the indictment apprises the defendant of the character of the charge, and if, without objection, the defendant pleads guilty to the charge laid in the indictment, the presumption is that he knew the offence he was pleading guilty to, and was fairly informed of the precise crime charged against him.

2. Where the indictment alleges the value of stolen goods to be $50, and the defendant pleads guilty, he cannot afterwards deny what his plea admits, for if he desired to reduce the grade of his crime he should have pleaded not guilty and required the state to prove the value of the goods.

3. A sentence for a definite period followed by the expression, "Terms not to run together," does not render the sentence indefinite or uncertain.

---

On error to Bergen County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the plaintiff in error, *Ernest Koester*.

For the defendant in error, *Peter W. Stagg*.

The opinion of the court was delivered by

BERGEN, J.   Under an indictment found in the Bergen County Quarter Sessions the defendant was charged in the first count with breaking and entering with intent to steal, and by the second count with stealing "gold pins, silverware and jewelry of the value of fifty dollars." The defendant entered a plea of guilty to the second count, and was sentenced to state prison for seven years. The errors assigned are that the indictment does not charge a crime, and second, that the sentence is for a longer term than the law allows, and third, that the sentence was for an indefinite term.

That a crime is not charged is rested upon the claim that the articles are not sufficiently described. The object of a distinct description is to fairly inform the defendant of the precise offence with which he is charged and to secure him against another prosecution for the same offence, and before pleading he has a right to a specific description of the articles said to be stolen, but the crime is sufficiently charged if the indictment apprises the defendant fairly of the charge.

If, without objection to the form of the statement, the defendant pleads guilty to the charge of stealing the goods as charged, the presumption is that he knew the offence he was pleading guilty to, and was fairly informed of the precise crime charged against him in the indictment. This assignment of error cannot be supported.

The second assignment is based upon the claim that from the description of the articles enumerated in the indictment no value can be ascertained, and as it does not appear that their value was over $20 the sentence is excessive. There is nothing in this point. The indictment alleges the value of the goods stolen to be $50, thereby charging a crime justifying the judgment in this case. To this charge the defendant

pleaded guilty, and he cannot now deny what his plea admits, for if he desired to reduce the grade of his crime by putting the state to proof that the crime, as charged in the indictment, was true, he should have entered a plea of not guilty and required the state to prove the value of the articles stolen.

The third and last assignment of error is based upon that part of the record of the judgment which reads as follows: "Terms not to run together." From this it is argued that the sentence was for an indefinite term and an unknown period, and without any definite time of commencement or ending. We are unable to see any legal support for this claim. The term was for seven years, a definite and known period, and the expression, "Terms not to run together," was presumably used by the court in view of another sentence which the record now before this court in another case against the same defendant discloses was imposed upon the same defendant on the same day. Whatever the fact may be, however, it is a mere statement which in no respect renders the present judgment indefinite or uncertain.

The judgment below is affirmed.