THE STATE, DEFENDANT IN ERROR, v. FRED. WEBBER, PLAINTIFF IN ERROR.

Argued November 17, 1908—Decided March 1, 1909.

In order that a defendant may have the benefit of section 136 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 915) the trial judge must, in addition to the formal and ordinary return to a writ of error, certify that the proceedings transmitted by him to the court of review comprise the entire record of the proceedings had upon the trial.

On error to the Supreme Court.

For the plaintiff in error, *Peter W. Stagg.*

For the defendant in error, *Ernest Koester,* prosecutor of the pleas.

The opinion of the court was delivered by

VOORHEES, J. Two writs of error issued out of this court removing two convictions of the defendant upon indictments for grand larceny. One of these indictments contained a count for breaking and entering, and a second count for larceny of goods of the value of $50.

To the second count of this indictment the defendant pleaded guilty, and not guilty as to the first count. The court thereupon accepted the plea of the defendant and sentenced him to imprisonment at hard labor in the state prison for the term of seven years, and added to the sentence "terms not to run together." We agree with the views of the Supreme Court in this case written by Mr. Justice Bergen (47 *Vroom* 199) in affirming the conviction.

The other writ of error removes the conviction of the defendant upon an indictment charging him with the larceny of two watches, two rings, a lot of clothing and jewelry of the value of $200. To this indictment the defendant pleaded not guilty, and upon the verdict of the jury finding the defendant guilty of the larceny charged, he was thereupon sentenced to imprisonment for a term of seven years, "terms not to run together."

The defendant in the prosecution of his writ of error seems to have assumed that the entire record has been brought up for review, under section 136 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 915), which provides "the entire record of the proceedings had upon the trial of any criminal cause may be returned by the plaintiff in error therein with the writ of error bringing up the bill of exceptions as signed and sealed in the cause," and it seems further to be assumed by the plaintiff in error that proper certificates have authenticated the entire record in the return to the writ of error issu-

ing out of the Supreme Court. An examination, however, fails to show any return by the judge of the trial court, except as follows: Added to a stipulation made between counsel is a certificate that "the foregoing is the record as agreed on by counsel of the proceedings had upon the trial of Fred. Webber on the indictment set forth in the writ of error and in the return in the annexed case, tried at the April Term, 1907, of the Bergen County Court of Quarter Sessions." There is also a certificate of the judge, being the ordinary and formal return to a writ of error.

It has been several times held by this court that such a certification will not be effectual to remove the entire record of the trial court with the writ of error so as to enable the record to be examined under the above section of the Criminal Procedure act. See *State* v. *Clark,* 46 *Vroom* 473.

In order that a defendant may have the benefit of section 136 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 915), the trial judge must, in addition to the formal and ordinary return to a writ of error, certify that the proceedings transmitted by him to the court of review comprise the entire record of the proceedings had upon the trial. The defendant having failed in procuring a proper return of the entire record of the proceedings at the trial, the court is without authority to review any errors alleged at the trial except those arising upon the record itself or upon bills of exception duly taken.

The first assignment of error is that the indictment does not charge any statutory crime. It charges the crime of grand larceny. If the infirmity be that the value of the goods is alleged collectively and not specifically as to each article (*State* v. *Stimson,* 4 *Zab.* 9; *State* v. *Shutts,* 40 *Vroom* 206), that would be the subject of amendment upon motion made before the jury were sworn (*Pamph. L.* 1898, *p.* 881, § 44; *State* v. *Kern,* 22 *Vroom* 259; *State* v. *Bartholemew,* 40 *Id.* 160), but not having been made before the jury were sworn it cannot be availed of on error. The record failing to show any such objection the indictment cannot be attacked in a court

of review. *State* v. *Sharkey,* 44 *Id.* 491; *Mead* v. *State,* 24 *Id.* 601.

If we were at liberty to review the objection that the only evidence in the case shows that the defendant was found in possession of a ring of less value than a dollar, and that therefore the defendant could not be found guilty of a crime greater than petit larceny, yet it would not avail the defendant. The larceny alleged was of the goods and chattels of Raymond, which occurred on the 6th of January, 1907. A witness, Wyckoff, testified that on January 26th, 1907, returning home he found his house had been broken open and saw two strangers, one jumping from an upstairs window and the other, the defendant, came out of a window downstairs and ran away. The witness pursued the defendant and caught him, and there was found upon his person the small gold ring in question. Raymond testifies that on the 6th of January, upon his return home, he found his house had been broken into and a lot of jewelry and money taken therefrom. Among the articles so taken was the ring in question; that this ring was missed at the same time as the other articles were missed, and that the ring and all of the other articles which were so missed were left together on the bureau in the bedroom of the house. The defendant, testifying in his own behalf, said that he was not at the place of the robbery on the 6th of January, and that he did not go upon the premises of Raymond, and did not steal the ring or any other property of Raymond, but obtained the ring from a man in New York.

The defendant insists that the finding of the ring raised a presumption that the defendant stole the ring, but that it was confined to the ring itself, and did not raise a presumption that the defendant stole the other articles, which, when the ring was stolen, were lying with the ring on the bureau. We do not think that the evidence is of such narrow application. It justified the inference that not only the ring but the other articles were taken dishonestly and was a fact from which the jury might conclude that the larceny charged in the indictment had been committed.

It is alleged that the sentence is for a greater term than the law permits the defendant to be sentenced for under the charge, but this does not judicially appear in any way from the record. The indictment was for grand larceny and the jury found the defendant guilty as charged. The sentence of seven years for that crime is warranted by the law. The objection that the sentence was imposed for an indefinite term has already been considered in reviewing the other indictment.

The judgments of the Supreme Court will be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, REED, TRENCHARD, PARKER, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J.   12.

*For reversal*—None.