THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
WILLIAM HEYER, PLAINTIFF IN ERROR.

Argued November 23, 1915—Decided June 19, 1916.

1. When a defendant pleads guilty to a criminal offence charged in
   an indictment—or an allegation when that is preferred upon indict-
   ment being waived—he cannot avoid the consequences of his plea
   and reverse the judgment entered upon it by showing that the pre-
   liminary complaint before the magistrate recited a name as that of
   his accuser other than that in the indictment or allegation, and
   also because the complaint was signed with still another name—
   being neither the one in the caption of the complaint nor the one
   used in the indictment or allegation; and especially so when no
   such question was raised in the trial court.
2. To aver that a man forcibly and against the will of a female did
   carnally know her, is the same as to aver that he carnally knew
   her forcibly and against her will. There is no statute or rule
   of law prescribing the order in which these collocations of words
   shall precede and follow one another in an indictment or
   allegation.
3. In an indictment or allegation for rape it is not necessary to
   charge that the offence was committed forcibly and against the
   will of the woman. It is sufficient if it charges that the defend-
   ant feloniously did ravish and carnally know her.
4. An allegation for rape (indictment being waived) examined and
   held, construing its several phrases together and reading them
   in connection with one another, that, in fact, it charges the de-
   fendant with carnal knowledge of a certain woman forcibly and
   against her will.
5. A question not presented and argued in the court below will be
   held to have been waived and abandoned, and will not be con-
   sidered in an appellate tribunal.
6. A person accused of crime is not entitled to the benefit of coun-
   sel to advise him as to whether or not he shall confess, but only
   for defence, and when the record in a criminal case does not dis-
   close whether the defendant was of ability to procure counsel or
   whether he requested that counsel be assigned to him, it will be
   assumed that he failed to invoke the privilege.
7. When a person who is charged with an offence triable before the
   Court of Quarter Sessions, waives indictment and trial by jury
   and requests to be tried immediately before the court, it is not
   necessary for the judge to sign an order in writing for the trial of
   the accused.

On error to the Supreme Court.

For the plaintiff in error, *William R. Wilson.*

For the defendant in error, *Alfred A. Stein,* prosecutor of the pleas, and *Martin P. O'Connor,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The record in this case discloses a conviction of the defendant of the crime of rape upon his plea of guilty. He brings error and makes numerous assignments; those only which go to the record being available to him, as no exceptions were taken in the progress of the cause in the trial court.

It is contended that the judgment is invalid because in the complaint it was recited that it was made by *Annie Atamcuk,* but was signed by *Anna Atamacuk.* The defendant waived trial by indictment and the prosecutor, by virtue of the statute, preferred an allegation against him charging the commission of rape upon *Anna Starncuk.* Counsel argues that these variances are fatal. This is not so, at least for this reason: the defendant, when arraigned to plead upon the allegation which charged him with having committed a rape upon *Anna Starncuk,* pleaded guilty, and for this offence, namely, rape upon *Anna Starncuk,* so preferred against him, he was by the court adjudged guilty upon his plea, and sentenced.

When a defendant pleads guilty to a criminal offence charged in an indictment—or an allegation when that is preferred upon indictment being waived—he certainly cannot avoid the consequences of his plea and reverse the judgment entered upon it, by showing that the preliminary complaint before the magistrate recited a name as that of his accuser other than that in the indictment or allegation, and also because the complaint was signed by still another name—being neither the one in the caption of the complaint nor the one used in the indictment or allegation; and especially so when no point of it was made in the trial court.

It is next contended that the allegation does not charge rape, but only assault and battery, for which the defendant was not tried. He had no trial because he pleaded guilty. If the objection that rape was not charged were valid, and if it were to be held that the conviction could be sustained for assault and battery, the sentence imposed—the maximum of which was for rape—could be corrected here or sent to the court below for that purpose. *State* v. *Huggins,* 84 *N. J. L.* 254.

The pertinent language of the allegation is this: "that the said William Heyer on the twenty-sixth day of November, in the year of our Lord nineteen hundred and thirteen, at the city of Elizabeth, in the county aforesaid, and within the jurisdiction of this court, then and there being, did feloniously and forcibly and against the will of one Anna Starncuk, a woman, make an assault upon the body of her the said Anna Starncuk, and did then and there feloniously ravish and carnally know her the said Anna Starncuk."

Rape at common law is defined by Blackstone as "the carnal knowledge of a woman forcibly and against her will." 4 *Black. Com.* 210.

Our Crimes act (*Comp. Stat., p.* 1783, § 115) provides that "any person who shall have carnal knowledge of a woman forcibly against her will," shall be guilty of a high misdemeanor. There is here no departure from Mr. Justice Blackstone's definition. The only difference between these definitions and the terms employed to charge the crime in the allegation in the case at bar is, that in the Commentaries the phrase is "forcibly *and* against her will" and in the statute it is "forcibly against her will," both following the words "carnal knowledge of a woman," while in the allegation the words "forcibly and against the will of," &c., precede the words "and did then and there feloniously ravish and carnally know her," &c.

To aver that a man forcibly and against the will of a female did carnally know her, is the same as to say that he carnally knew her forcibly and against her will. There is no

statute or rule. of law prescribing the order in which these collocations of words shall precede and follow one another in an indictment or allegation.

It is, however, contended that because the allegation avers that the defendant "did feloniously and forcibly and against the will of Anna Starncuk, a woman, make an assault upon the body of her the said Anna Starncuk," that, notwithstanding the immediately following words, "and did then and there feloniously ravish and carnally know her the said Anna Starncuk," it only charged an assault and battery, because the words "forcibly against her will" precede the averment of the assault and battery, neither immediately preceded. nor followed the charge of ravishment and carnal knowledge, which latter charge was written after a comma, and that, therefore, the ravishment and carnal knowledge is not averred to have taken place forcibly and against the will of the woman.

The phrases just quoted are all part of the context of a single sentence, and the sentence is not to be defeated as a criminal pleading if it can rationally and reasonably be construed to charge an offence which, apparently, it was intended to charge. When the pleader said that the prisoner did feloniously ravish and carnally know the woman he undoubtedly meant to charge rape.

In 1 *Bouv. L. Dict.* (*Rawles' Rev.*) 654, in defining "context" it is stated:

"It is the general principle of legal interpretation that a passage or phrase is not to be understood absolutely as if it stood by itself, but is to be read in the whole of the context, *i. e.,* in its connection with the general composition of the instrument. * * * It not unfrequently happens that two provisions of an instrument are conflicting; each is then the context of the other, and they are to be taken together and are understood as to harmonize with each other so far as may be, and to carry out the general intent of the instrument."

As before remarked the phrases under consideration are all within a single sentence, and, it seems to us, when it was charged that the defendant did feloniously and forcibly and

against the will of the woman make an assault upon her body and did then and there feloniously ravish and carnally know her, a single offence was charged, that is, a ravishment and carnal knowledge of the body of the woman which was necessarily involved in an assault upon her. Besides, the word "ravish" in and of itself necessarily implies force. So that, even conceding that the charge of a felonious assault against the will of the woman, followed by an averment that she was then and there forcibly ravished and carnally known, restricted the charge to an offence against her will to that of an assault upon her only, nevertheless, subsequent averments that she was then and there feloniously ravished and carnally known, necessarily imply that the ravishment and carnal knowledge was accomplished forcibly and against her will. The word "ravish" is defined in *Webs. New Int. Dict., inter alia,* "to have carnal knowledge of a woman by force and against her will." And, moreover, the words "feloniously did ravish and carnally know" imply that the act was done forcibly and against the will of the woman. This was expressly decided in *Harman* v. *The Commonwealth,* 12 *Serg. & R.* (*Pa.*) 69, wherein Chief Justice Tilghman said (at *p.* 70), speaking of one of the assignments of error in that case:

"The second is, that the offence is not charged, in the indictment, to have been committed, *forcibly and against the will* of the woman. The expressions are, '*that he feloniously did ravish, and carnally know her.*' I am of opinion, that this is sufficient. The word *ravish* implies force and violence in the man, and want of consent in the woman. That the indictment need not aver, that the rape was committed *against the will of the woman,* seems to be the opinion of authors of the highest authority. Lord Hale, in enumerating the essential parts of the indictment, says, that it must contain the words, *felonice rapuit* and *carnaliter cognovit.* 1 *Hale* 632. Hawkins thinks that the rape is sufficiently ascertained, by the words *felonice rapuit,* without adding *carnaliter cognovit. Hawk., bk.* 2, *ch.* 25, § 56. Chitty, one of the latest writers on criminal law, says, the indictment must charge the offence

to have been committed feloniously, and contain the technical word *ravished*. Whether it must also charge, that the defendant had *carnal knowledge* of the woman, he considers doubtful, but advises the insertion of those words. 3 *Chit. Crim. L.* 812. East, in his treatise on *Criminal Law* (first volume, *p.* 447), says, the indictment must charge, that the defendant *feloniously ravished her.* It may fairly be concluded, from all these authorities, that the words *against her will*, are not essential; and certainly the word *ravish,* as commonly understood, implies that it was *against her will."*

This decision, based as it is upon the highest authority, clearly shows that in an indictment or allegation for rape it is not necessary to charge that the offence was committed forcibly and against the will of the woman. It is sufficient if it charges that the defendant feloniously did ravish and carnally know her. However, construing the several phrases together, we have no difficulty in holding that the allegation before us does, in fact, charge the defendant with carnal knowledge of the woman forcibly and against her will.

Counsel insists that defendant's conviction is irregular for the reason that the defendant is a young man and was not represented by counsel, and that the charge being of such a grave nature, if this court thinks it is rape, the lower court should not have permitted him to plead unless represented by counsel. We have been pointed to no authority to the effect that young men should not be permitted to plead guilty to serious offences without the advice of counsel. This suggestion is *aliunde* the record; and it has been repeatedly decided that a question not presented and argued in the court below will be held to have been waived and abandoned and will not be considered in an appellate tribunal. See the cases in *N. J. Dig. Anno., tit. "Appeal and Error,"* 5 (*a*). But if we were called upon to decide whether the defendant was entitled to counsel to advise him, a perfect answer would be found in *State* v. *Murphy,* 87 *N. J. L.* 515, wherein it was held that one accused of crime is not entitled to the benefit of counsel to advise him as to whether or not he shall confess,

but only for defence, and that when the record in a criminal case does not disclose whether the defendant was of ability to procure counsel or whether he requested that counsel be assigned to him, it will be assumed that he failed to invoke the privilege. This record is silent on those questions, and as a defendant must at least request the assignment of counsel to defend him, in order to obtain such service, that objection in this case is unavailing.

It is stated that defendant applied to be tried in the Court of Quarter Sessions, but that no order was made for his trial in that court, and that he was arraigned before the judge of the Court of Common Pleas constituting the Court of Special Sessions, not sitting as a judge of that court, pleaded, was adjudged guilty and sentenced, &c. And this is asserted to be legal error.

The allegation of rape against the defendant was entitled in the Court of Special Sessions and the record discloses that at a Court of Special Sessions holden before the judge of the Court of Common Pleas constituting the Court of Special Sessions, the defendant was set to the bar, pleaded guilty and the prosecutor moved for judgment, &c. The contention, therefore, that the defendant pleaded, was convicted and sentenced in the pleas and not in the sessions is merely specious. There appears in the return to the writ of error the form of an order to be made by the judge of the Court of Common Pleas and Court of Special Sessions, ordering a session of the Court of Special Sessions to be held for the trial of the accused to meet at the court house in Elizabeth on December 5th, 1913. That is the day when the plea was taken and the judgment entered. The form of order was not signed. The Criminal Procedure act (*Comp. Stat., p.* 1824, § 12) provides that the judge of the Court of Common Pleas of each county shall constitute a Court of Special Sessions in and for such county. And section 13 provides that when any person is charged with an offence triable before the Court of Quarter Sessions, and the accused shall in writing signed by him, addressed to the prosecutor, waive indictment and trial by jury

and request to be tried immediately before the Court of Special Sessions, it shall be the duty of the prosecutor to report such fact to the judge of the Court of Special Sessions and unless the judge of that court shall deny such request, he shall, with all due and reasonable speed, proceed to hold a session of the Court of Special Sessions and try the person so charged, and determine and adjudge his guilt or innocence. There is no requirement that the judge shall make and sign an order in writing for the trial of an accused waiving an indictment and pleading to an allegation. That the defendant had notice of the time and place of trial in this cause is shown by the fact that he appeared and pleaded. There is nothing in the objection that a formal order should have been made.

This disposes of all the questions presented by the record, and, there being no error, the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, MINTURN, KALISCH, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   11.

*For reversal*—None.