THE STATE OF NEW JERSEY, EX REL. THE BOROUGH OF SOUTH BELMAR, PROSECUTOR, v. WILLIAM WHIT-TINGTON, DEFENDANT.

Argued May 4, 1926—Decided June 23, 1926.

**Disorderly Conduct—Loud Language—Plea of Guilty—Common Pleas Set Aside Conviction on Ground That Record Did Not Contain Ordinance—Conviction Affirmed.**

On *certiorari.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *Harry R. Cooper.*

For the defendant, *Charles E. Cook.*

PER CURIAM.

A *certiorari* was allowed in this case to review an order of the Court of Common Pleas of Monmouth county. The order of that court was made upon a petition to review the conviction of William Whittington.

William Whittington was convicted on November 21st, 1925, before Claude W. Birdsall, mayor of South Belmar, of violating an ordinance of the borough, approved July 14th, 1924, to prevent and suppress disorderly conduct, vice and immorality. He was convicted upon a plea of guilty of violating sections 2 and 3 of the ordinance of using loud, indecent and profane language, being under the influence

of intoxicating liquor. The order made by the Court of Common Pleas, setting the conviction aside, was based upon two grounds—first, because there is nothing in the record to indicate that the ordinance was offered in evidence at the hearing before the magistrate, and since it is of a local character, proof of it was required. Here we think the Court of Common Pleas fell into error. This court has held, a municipal court takes judicial notice of the ordinances of that particular municipality. *Galen Hall Co.* v. *Atlantic City,* 76 *N. J. L.* 20. The second reason assigned for setting aside the conviction was the plea of guilty made by the defendant in the mayor's court would not support a conviction of the offense alleged in the complaint. Obviously, under our decisions that is not so. *State* v. *Webber,* 76 *N. J. L.* 199. He cannot deny what his pleas admits. *State* v. *Heyer,* 89 *Id.* 187. The order of the Court of Common Pleas of Monmouth county setting aside the conviction of William Whittington is reversed, and the conviction affirmed.