JOSEPH WATERS, PROSECUTOR, v. COURT OF SPECIAL SESSIONS OF ESSEX COUNTY, RESPONDENT.

Submitted May 2, 1944—Decided July 24, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the prosecutor, *Joseph Waters* and *Robert Queen*.

For the state, *William A. Wachenfeld,* Prosecutor of the Pleas, and *C. William Caruso,* Special Assistant Prosecutor.

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE.    Plaintiff in error, Joseph Waters, was sentenced to a term in prison on his plea of non-vult to an information filed by the Prosecutor of the Pleas of Essex County. The charge against him was that of bringing stolen property into this state, a misdemeanor by *R. S.* 2:145–15. Criminal complaint being made against him before a magistrate, Waters waived indictment and trial by jury and requested an immediate trial in the Court of Special Sessions. The prosecutor presented the information. The defendant entered a plea of non-vult.

The defendant then sued out a writ of error and on the appeal challenges the sufficiency of the information. The claim is that it does not charge a crime under the cited statute. The state contends that the plaintiff in error may not attack the information for the first time on writ of error, the sufficiency of the allegation not having been challenged in the court below. We do not agree with this contention. Even after the plea of guilty it is open to the defendant on writ of error to challenge the indictment (or information) on the ground that the indictment does not charge a crime. Compare *State* v. *Czarnicki,* 124 *N. J. L.* 43, 46. And such right persists even if advanced for the first time on appeal in the court of last resort. For if the indictment or information be

deficient in any essential then it is an error of law on the face of the record.

The statute under which the defendant was charged, *supra,* provides: "Any person who, having at any place without this state stolen the property of another, or received such property knowing it to have been stolen, brings the same into this state, shall be guilty of a misdemeanor."

The present information alleges that the said Waters and one Greenberg, on the 9th day of March, 1943, "\* \* \* knowing that $10,000 had been stolen from John Doe, did receive the same knowing it to have been stolen, and brought the said money, the property of John Doe, into the City of Newark, County of Essex and State of New Jersey, in violation of *R. S.* 2 :145–15."

The point made by the plaintiff in error is that the information is defective in that it does not contain the allegation that the property brought into this state by him was stolen outside the State of New Jersey, and that such omission is fatal. The statute, if an offense against it is to be established, requires these essentials, viz: that the property shall have been stolen outside the state and that the thief shall have brought it into this state; or that the property shall have been solen outside of the state and received outside the state from the thief by someone who knows it to be stolen property and then brought into the state by the person who received it. The actual stealing elsewhere, *i. e.,* outside the state, is not an offense against this state. It is not a larceny here. *Cf. State* v. *Le Blanch,* 31 *N. J. L.* 82. A complaint or an information is not required to be as formal and precise as an indictment. A substantial statement showing the commission of the particular offense charged is sufficient (22 *C. J. S.,* "*Criminal Law,*" 375). *Cf. Levine* v. *State,* 110 *N. J. L.* 467, 471. It is enough if, taken as a whole, it informs the accused of the nature and scope of the offense which it is intended to charge.

Implicit in the information was the allegation that the stolen money brought into the state by Waters was stolen elsewhere. The original complaint exhibited before the magistrate, when the accused waived indictment, was more explicit

in this particular than the information. It charged the accused with bringing stolen money into the state. And the waiver signed by the accused recited that the defendant was charged "with the offense of bringing stolen property into the state."

With this information before him Waters freely and understandingly pleaded non-vult. By such a plea—an implied confession of guilt and for the purposes of the case equivalent to a plea of guilty (*Cf. Schireson* v. *State Board of Medical Examiners, &c.,* 130 *N. J. L.* 570)—he admitted all averments of fact and waived any defect in the information as to the form in which the allegations were cast which do not go to jurisdiction (compare *Weir* v. *United States,* 92 *Fed. Rep.* (2d) 634; 114 *A. L. R.* 481).

The defendant fully understood and was sufficiently apprised by the information of the particular violation of the criminal law with which he was charged. The judgment is accordingly affirmed.