38 N.J. Super. 260 (1955)
118 A.2d 704
CITY OF PLAINFIELD, PLAINTIFF-RESPONDENT,
v.
LINCOLN PHILLIPS, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 1955.
Decided December 1, 1955.
*261 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Joseph Butt argued the cause for appellant.
Mr. Edward Sachar argued the cause for respondent (Mr. John R. Tozzi, on the brief).
The opinion of the court was delivered PER CURIAM.
The defendant was charged by detective Leo A. Wilson in the Municipal Court of the City of Plainfield with the commission on August 14, 1954 of offenses in violation of section 3, subdivision (a) and of section 4, subdivision (d) of an ordinance entitled "An Ordinance to regulate the Public Peace, Morals and Good Order and to Prohibit Certain Disorderly Acts," enacted by the governing body of the City of Plainfield.
We are informed that on August 19, 1954 the defendant, perhaps in part unintentionally, pleaded guilty to both accusations in the municipal court, and the punitive sentence for the violation of section 3, subdivision (a) was suspended and the defendant was sentenced to pay a fine of $200 and *262 serve a period of 90 days of imprisonment for his violation of section 4, subdivision (d) of the ordinance which reads:
"It shall be unlawful for any person to maintain or operate any house, shop or other premises where prostitution, lewdness, immoral activities, gambling, book-making, lotteries or the sale of tickets or participation, rights in any lottery is permitted; or where any slot machine or device or apparatus designed for gambling is kept; or which is frequented or resorted to by noisy or disorderly persons or known criminals, gamblers, prostitutes or other persons of ill repute."
There are some noticeable oddities in the proceedings that ensued. The defendant notwithstanding his pleas of guilty appealed to the Union County Court from his conviction of both of the alleged violations but withdrew the appeal from his conviction of violating section 3, subdivision (a) for which the sentence had been suspended. At a trial de novo on October 14, 1954 in the County Court he was found guilty of violating section 4, subdivision (d) of the ordinance and a like sentence of 90 days' imprisonment and a fine of $200, with a deduction from the term of imprisonment for the period during which he had been incarcerated, was imposed.
The respondent's appendix discloses an order made by the trial judge on January 20, 1955 granting a new trial. The reason for the new trial stated in the precursory recital of the order is "that the transcript of the proceedings taken on October 14, 1954 is inaccurate and is not a true transcript and * * * there are substantial factual and legal errors in the transcript of the proceedings." The order appears to have been entered with the express acquiescence of the attorneys for the defendant and for the city.
On April 11, 1955 the case was evidently listed for retrial and when called, the attorney for the defendant was heard to say:
"If your Honor please, on this case I have a little problem. The defendant was notified at the old address. Apparently he had moved. I tried to locate him this morning by telephone. His new address at 638 West Third Street, Plainfield. He hasn't arrived as yet. I don't know whether he has gone to work or what happened."
*263 The court replied:
"He has to appear today. Otherwise, we will have to just hear the State's witnesses, that is all."
Then followed:
"Mr. Butt: May I suggest, your Honor, we adjourn now to give me an opportunity  unless they want to start with one witness, or more.
The Court: Do you want to start your case?
Mr. Tozzi: I have no objection.
The Court: All right."
The trial thus proceeded in the absence of the defendant. The witnesses for the prosecution were present and testified. At the conclusion of their testimony and after a denial of a motion for the dismissal of the complaint, the appendix discloses the following course of the trial:
"Mr. Butt: If your Honor please, so far as the defendant is concerned, I explained to your Honor earlier this morning that he had moved. I don't know whether it is my fault that 
The Court: Is he going to testify to anything different, than from the transcript?
Mr. Butt: No, his testimony, your Honor, would be the same.
The Court: Suppose you read the direct examination into the record and Mr. Tozzi will read the cross examination questions?
Mr. Butt: And may I also read into the record, if your Honor please, the testimony of the other witness called, Edward Swint?
May I suggest this, Judge?  have you ever seen this transcript (indicating)?
Mr. Tozzi: No.
(Whereupon colloquy was had off the record.)
The Court (To the Court Reporter): Type the direct and cross examination questions of Lincoln Phillips, Jr.  direct examination starting with page 43 of this transcript and cross examination on page 51; and Edward Swint's direct examination, starting with page 61, and the cross examination on page 65, and redirect on page 67.
(Whereupon the Court Reporter typed in the following testimony from the transcript dated October 14, 1955, of proceedings taken before Honorable Milton A. Feller, Judge)."
And so in that fashion the defendant was tried and convicted in absentia. Vide, R.R. 3:5-4. Some innovations *264 disturb more by their novelty than they benefit by their utility.
While no specific protest against that course of procedure was made on behalf of the absent defendant by his attorney at the trial and no point concerning that method of procedure is projected by the defendant's brief and argument submitted in the present appeal, we feel that the impropriety is too significant to be ignored.
The action against the defendant was of a quasi-criminal nature actually resulting in a deprivation of the defendant's liberty. The prosecution of such an offense is governed by principles applicable to criminal proceedings generally. City of Newark v. Pulverman, 12 N.J. 105, 113-114 (1953); City of Absecon v. Vettese, 13 N.J. 581, 584 (1953).
Augmenting the fact that the trial was conducted and the defendant's guilt was determined in his absence is the reasonable inference that the defendant was unaware of the time designated for his trial.
In such circumstances the judgment of conviction must be reversed.
We may add that the denial of the motion to dismiss the complaint for the other and different reasons asserted at the trial was not prejudicially harmful or erroneous. The claimed insufficiency of the complaint might well have been amended. R.R. 8:12-3; cf. State v. O'Shea, 16 N.J. 1, 4 (1954).