41 N.J. Super. 484 (1956)
125 A.2d 433
STATE OF NEW JERSEY
v.
RALPH NICASTRO, DEFENDANT-APPELLANT. STATE OF NEW JERSEY
v.
GEORGE VENIERO, DEFENDANT-APPELLANT. STATE OF NEW JERSEY
v.
PAUL ZACCONE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided September 19, 1956.
*485 Mr. Charles V. Webb (Mr. George Meier, Jr., appearing), for State of New Jersey.
Mr. A. Theodore De Muro, attorney for all three defendants-appellants.
WAUGH, J.C.C.
The defendants were each by separate complaint charged with a violation of the Disorderly Persons Act, N.J.S. 2A:170-29, subds. 1, 2, pars. a and b, on July 29, 1956.
The complaint against each was filed on August 1, 1956, by Officer Ferrara of the Nutley Police Department and all three complaints are essentially in the same language.
*486 Each defendant pleaded guilty on August 1, 1956 and each was sentenced by Magistrate Joerg of the Municipal Court of Nutley, on the same date. Zaccone was sentenced to one year in the Essex County Penitentiary. Veniero and Nicastro each were sentenced to one year in the Essex County Penitentiary; six months in custody and the balance on probation. All three filed a notice of appeal from the conviction and sentence, pursuant to R.R. 3:10-3.
The State moved to dismiss the three appeals on the ground that because the defendants had pleaded guilty to the charges, they could not appeal, and on the ground that the sentences, being within the statutory limits, were within the discretion of the trial judge. In re Lewis, 11 N.J. 217 (1953); State v. Newman, 128 N.J.L. 82 (Sup. Ct. 1942). The right to appeal after a guilty plea is questioned in the case of City of Plainfield v. Phillips, 38 N.J. Super. 260 (App. Div. 1955).
This court dismissed the three appeals and at that time, suggested to counsel for defendants that he (counsel) might consider making an application to the magistrate to re-open the pleas of guilty under R.R. 8:4-3. Counsel subsequently made such application, supported by an affidavit in each case, before the magistrate. Each of these applications was denied by the magistrate and the defendants now appeal to this court from that decision of the magistrate.
This court concludes that it has the right to hear an appeal from the refusal of a magistrate to re-open and allow a change of plea. N.J.S. 2A:3-6 provides as follows:
"The County Court of each county shall have jurisdiction to hear, determine and review any judgment in any cause, other than a civil cause, rendered in the county district court and in any cause, criminal or civil, rendered in any municipal court, park police court, county traffic court or other inferior court of limited jurisdiction in or of the county, except a criminal judicial district court, or a juvenile and domestic relations court. If the judge of or who held the lower court is also the county judge, the Law Division of the Superior Court and not the County Court shall have jurisdiction to hear, determine and review such judgment."
*487 R.R. 3:10-1 et seq. apparently provides for appeals only from convictions.
No record was made at the hearing before the magistrate on the applications to re-open the pleas. Apparently, the affidavits attached to each notice of motion were considered by the magistrate when such applications were denied.
It is noted by this court that the third paragraphs of each of the affidavits submitted by the defendants are essentially identical and read as follows:
"I was not represented by counsel, nor did I have the advice of independent counsel either prior to or during said trial, and, although the Magistrate read the complaint to me and asked whether I pleaded guilty or not guilty, I did not fully comprehend the import of the charges against me. I believed, because I had been in an automobile which had been involved in a near accident with another car, that I was being charged with a violation of the motor vehicle act. I said I did not know how to plead, but if being in the car made me guilty, then I was guilty." (Affidavit of defendant Veniero)
Since no record was made at the hearing of the applications before the magistrate to re-open the pleas, it became necessary for this court to take testimony in order to ascertain the circumstances under which the pleas were made. The court heard all three of the defendants and an attorney, Gerard T. Capodanno, Esq., who represented a fourth defendant involved in the same matter. In addition, the court also heard the magistrate.
The law governing this case is enunciated in the case of State v. Pometti, 12 N.J. 446, at page 453 (1953), wherein, Justice Heher, speaking of a non vult plea, states:
"If accepted, the plea cannot be withdrawn and a plea of not guilty entered except by leave of court; and this in its very nature involves the exercise of judicial discretion, unless made a matter of absolute right by overriding legislative authority. State v. Silverman, 116 N.J.L. 242 (E. & A. 1935); Tucker v. United States, 196 F. 260, 41 L.R.A., N.S., [70] 71 (7 Cir. 1912)."
And, further on, at the same page:
"But an arbitrary refusal to permit the accused to plead anew, in disregard of the dictates of essential justice, constitutes an abuse of discretion that is remediable on appeal."
*488 This court finds that R.R. 8:4-3 must be read in conjunction with R.R. 3:7-10(a), which states as follows:
"A motion to withdraw a plea of guilty or of nolo contendere or of non vult, may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice, the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his plea (as provided by law)."
In the usual case, in the municipal court, sentence is imposed immediately at the conclusion of the trial and that fact must be taken into consideration.
The testimony in this case leads this court to the conclusion that defendant, Nicastro, did in fact tell the judge that he did not know how to plead. He was then informed that he would have to plead either guilty or not guilty, to which Nicastro replied, that if being in the car was guilty, then he was guilty. Thereafter, he was advised by the magistrate that this was not enough and that his plea must be either guilty or not guilty. I find that, thereupon, Nicastro, Zaccone and Veniero conferred with each other and that each one unequivocally pleaded guilty.
The third paragraph contained in each of the three affidavits accompanying the applications to the magistrate to re-open the pleas was quoted at length, supra, because therein each defendant swears, under oath, that he made the same statement to the magistrate, whereas there is a variation in that regard in their testimony before this court. At one point, in his oral testimony before this court, Zaccone made it clear that he said nothing because he thought that being present in the automobile made him guilty. However, upon further prodding, he gave the same testimony as the defendant Nicastro.
This court finds that the appeals in this matter were motivated by the disappointment suffered by the three defendants as a result of the sentences imposed upon them. Each defendant frankly admitted that he expected to be fined. However, no application has been made to reduce the sentence, although the time allowed under R.R. 8:7-11 has not run.
*489 Each of the three defendants alleges that he did not understand the nature of the charges against him and, therefore, could not make a plea intelligently. The three defendants were sentenced along with two other defendants involved in the same incident. Prior thereto, the present three defendants heard the testimony, in connection with the pleas, against all of the defendants involved, in accordance with R.R. 8:4-3.
I find that each defendant-appellant was advised of his right to have counsel and of his right to have an adjournment.
I further find that the complaint was read to each defendant by the magistrate. The testimony before me disclosed that the magistrate had not fully complied with R.R. 8:4-2 which requires that,
"* * * Where the defendant has not been served with a copy of the complaint, the magistrate shall give him the complaint for the purpose of examining and reading it before he is called upon to plead."
It is noted that this rule is a mandatory one and should be complied with. However, I find that the magistrate did read the complaint to each defendant and that the failure of the magistrate to comply with this rule, strictly, resulted in no essential injustice to any defendant by reason thereof. In fact, no mention was made of this failure by the magistrate to fully comply with such Rule until the same was developed by this court's examination of the magistrate.
This court comes to the conclusion that the guilty pleas made before the magistrate in this case were made deliberately, understandingly, without coercion and without pressure, and that the refusal of the magistrate to allow the defendants to change their pleas under the facts in this case was justified.
The applications to change the pleas are hereby denied.