51 N.J. Super. 81 (1958)
143 A.2d 268
STATE OF NEW JERSEY, PLAINTIFF,
v.
WILLIAM JOSEPH SCHRIER, DEFENDANT.
Superior Court of New Jersey, Essex County Court.
Decided June 23, 1958.
*82 Mr. Bernard Hellring, attorney for defendant (Mr. Leonard Lieberman, on the brief).
Mr. Charles F. Webb, Jr., Essex County Prosecutor, attorney for the State of New Jersey (Mr. Don A. Cetrulo, appearing).
GAULKIN, J.S.C. (temporarily assigned).
Defendant Schrier pleaded non vult in the Municipal Court of Newark to the following complaint:
"Det. Theodore Howard residing at Police Hdqts. upon his oath, says: that William J. Schrier, defendant, on the 24th day of October 1957, in the City of Newark, County of Essex and State of New Jersey, did unlawfully sell a Hypodermic Needle to one Detective Carter Saunders to wit: at 756 Broadway In violation of N.J.S. 2A:170-77.3."
Schrier was represented by competent retained counsel. He was sentenced to 90 days in jail, execution of which was suspended, and fined $1,000. He then retained present counsel, who made application to withdraw the plea of non vult, which was denied. Defendant then filed separate notices of appeal from the judgment below, and from the refusal to permit the withdrawal of the plea. The State now moves to dismiss the appeal from the judgment below, on the ground that no appeal lies from a judgment of conviction based upon a plea of non vult.
Defendant contends that even after a plea of non vult in the municipal court a defendant is entitled not only to appeal to the County Court, but to a trial de novo in that court, under N.J.S. 2A:3-6 and R.R. 3:10-10. Defendant's argument may be summarized as follows: the cited *83 statute provides for review of "any judgment," not merely those judgments which follow pleas of not guilty, and such appeals were taken in State v. Meinken, 10 N.J. 348 (1952); Plainfield v. Phillips, 38 N.J. Super. 260 (App. Div. 1955); and State v. Baumgartner, 21 N.J. Super. 348 (App. Div. 1952). The State, on the other hand, contends that State v. Nicastro, 41 N.J. Super. 484 (Cty. Ct. 1956), squarely holds that no appeal will lie after a plea of non vult or guilty.
Each side also cites cases from other jurisdictions. See, also, Annotation, "Plea of guilty in justice of the peace or similar inferior court as precluding appeal," 42 A.L.R.2d 995; 22 C.J.S. Criminal Law § 390, pp. 573-574. Many of these cases contain interesting discussions, particularly of the considerations of policy which led the courts to one conclusion or the other, but since they deal with their own statutes and practices, their application to our statutes and rules is illuminating rather than compelling.
The New Jersey cases cited by the defendant do not settle the matter. As the State points out, in the Meinken, Phillips and Baumgartner cases the State did not challenge defendant's right to appeal. Furthermore, it appears that the Baumgartner case came up under R.S. 39:5-11 which, in 1952, provided for appeal from "the judgment or sentence," by trial de novo, in motor vehicle cases. And the appeal in Plainfield v. Phillips, supra, after the plea of guilty to a municipal ordinance, may have been permitted by Plainfield's peculiar charter. Cf. Watson v. Plainfield, 60 N.J.L. 260 (Sup. Ct. 1897).
In the Nicastro case Judge Waugh said (41 N.J. Super., at page 486):
"The State moved to dismiss the three appeals on the ground that because the defendants had pleaded guilty to the charges, they could not appeal, and on the ground that the sentences, being within the statutory limits, were within the discretion of the trial judge. In re Lewis, 11 N.J. 217 (1953); State v. Newman, 128 N.J.L. 82 (Sup. Ct. 1942). The right to appeal after a guilty plea is questioned in the case of City of Plainfield v. Phillips, 38 N.J. Super. 260 (App. Div. 1955).
*84 This court dismissed the three appeals and at that time suggested to counsel for defendants that he (counsel) might consider making an application to the magistrate to reopen the pleas of guilty under R.R. 8:4-3."
It is true, as defendant says, that Judge Waugh was merely reciting the history of the earlier proceedings in this case, and there is nothing to show how earnestly Nicastro had contested the State's motion to dismiss, but the fact remains that Judge Waugh had dismissed the appeals because Nicastro had pleaded guilty below. The action of Judge Waugh in that case, being the recent action of a court of concurrent jurisdiction sitting in the same county, if not controlling, is entitled to great persuasive weight.
Nor do I find anything that leads me to a different conclusion. A review of the statutes and the cases dealing with the manner in which judgments of inferior tribunals were reviewed prior to 1947 shows that, as in the upper courts, review after plea of guilty or non vult was the exception, and not the rule. Most of the statutes provided that review of convictions in recorder's and other inferior courts was to be in the same fashion as appeals from small cause courts. Review of judgments by confession was expressly excluded. E.g., R.S. 2:33-108, 2:230-7, 2:219-3, 2:224-8; Williamson v. Middlesex Common Pleas, 42 N.J.L. 386 (Sup. Ct. 1880); East Orange v. Richardson, 71 N.J.L. 458 (Sup. Ct. 1904); Watson v. Plainfield, supra; State v. Cottrell, 117 N.J.L. 226 (E. & A. 1936). The statutes which dealt with reviews of the judgments of inferior tribunals are far too many and diverse to be dealt with fully. They varied not only according to the type of municipality but often with the type of offense.
Prior to the adoption of N.J.S. 2A:3-6 a defendant could obtain a trial de novo under R.S. 2:206-11 as amended, L. 1941, c. 54, sec. 1, p. 137, and L. 1942, c. 35, sec. 1, p. 240, or strict review on the record, in the nature of certiorari, under one of several statutes (e.g., R.S. 2:219-27; R.S. 2:206-13), and sometimes he could have both. 2 O'Regan & Schlosser, Criminal Laws of New Jersey (1942), secs. *85 1871, 1873, 1874. State v. Yaccarino, 3 N.J. 291 (1949); State v. Lynch, 23 N.J.L.J. 45 (Cty. Ct. 1899). It seems to me that the purpose of N.J.S. 2A:3-6 and the rules (R.R. 3:10-1 et seq.; R.R. 1:2-11; R.R. 5:2-6, 5:2-8, 5:2-9), was to preserve the right theretofore possessed by defendant to a trial de novo, or to review of the record or a portion thereof without a trial de novo, whichever is warranted. Not every case that reaches the County Court on appeal from a municipal court under N.J.S. 2A:3-6 involves a trial de novo, or entitles a defendant to one. Cf. Manda v. State, 28 N.J. Super. 259 (App. Div. 1953); State v. Nicastro, supra.
N.J.S. 2A:3-6 outlines the boundaries of the jurisdiction of the County Court, and R.R. 3:10 implements the statute, but neither the statute nor the rules purport to settle definitively who may or may not obtain a trial de novo. Cf. Newark v. Pulverman, 12 N.J. 105 (1953). If the position taken by the defendant here were correct, it would mean that every defendant could, by appeal, obtain a trial de novo on the facts even after he admitted them by plea in the municipal court, whether the proceedings were under the Disorderly Persons Act, the fish and game laws, the public health or similar laws, or an ordinance, and whether the proceedings were denominated civil (as for the recovery of a money judgment), or criminal, for the statute (N.J.S. 2A:3-6) gives the County Court jurisdiction to "review any judgment * * * in any cause, criminal or civil, rendered in any municipal court, * * *." N.J.S. 2A:3-6 and the rules do not warrant that construction. It is not to be lightly assumed that the Legislature and the rule-making authority intended to depart so radically from the law as it was settled prior to 1947. It seems to me that, prior to 1947, it was well settled that in those cases in which review was permitted after a plea of guilty, the defendant could not call in question the facts charged. 22 C.J.S. Criminal Law § 390, p. 574; State v. Webber, 76 N.J.L. 199 (Sup. Ct. 1908); State of New Jersey ex rel. Borough of South Belmar v. Whittington, *86 4 N.J. Misc. 590, 133 Atl. 762 (Sup. Ct. 1926); State v. Heyer, 89 N.J.L. 187 (E. & A. 1916).
For the foregoing reasons, the appeal from the judgment, so far as it operates "as an application for a trial de novo," is dismissed.
The defendant raises the further point that the complaint to which he pleaded does not set forth a crime because it alleges that the sale was to a detective, which he says the statute (N.J.S. 2A:170-77.3) permits. The statute provides that "No person shall sell * * * any person or persons other than * * * a State or governmental agency * * *" a hypodermic needle. The argument is that a sale to a detective is a sale to a "State or governmental agency." No authority is cited for this proposition. If we treat the appeal as an attack upon the complaint, similar to the attack that could have been made under the old practice, Waters v. Court of Special Sessions, 132 N.J.L. 44 (Sup. Ct. 1944), that attack is rejected. Not every sale to a detective is a sale to the State or to a governmental agency. Defendant's plea admitted that his sale to this detective was not. State v. Webber, supra; State v. Whittington, supra; State v. Heyer, supra.
The defendant has offered no proof, other than the contention that the complaint does not charge a crime, to support the appeal from the magistrate's refusal to permit withdrawal of the plea of non vult. Therefore there is no basis upon which to find an abuse of discretion. As I have stated, defendant was represented by retained counsel of ability and experience, and nothing has been shown to suggest that the plea was not made voluntarily, with understanding, and with due process.
For the foregoing reasons, the application for a trial de novo is denied, the attack upon the complaint is rejected, and the denial of the leave to withdraw the plea of non vult is affirmed. The case will be remanded to the municipal court for further proceedings in accordance with this opinion. An appropriate judgment should be presented by the prosecutor.