30 N.J. 231 (1959)
152 A.2d 572
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KENNETH MULL, DEFENDANT-APPELLANT.
The Supreme Court of New Jersey.
Argued March 3, 1959.
Reargued May 4, 1959.
Decided June 26, 1959.
*232 Mr. Frank G. Schlosser argued the cause for the appellant (Messrs. Mackerley & Friedman, attorneys).
Mr. Stephen B. Wiley argued the cause for the respondent (Mr. Frank C. Scerbo, Morris County Prosecutor, attorney).
*233 The opinion of the court was delivered by JACOBS, J.
The defendant appealed to the Appellate Division from the dismissal of his appeal to the Morris County Court. We certified the matter on our own motion. See R.R. 1:10-1(a).
Patrolman Mericle of the Dover police force filed a complaint in the Municipal Court of Dover charging the defendant Mull with uttering loud and indecent language in a public street in violation of the Disorderly Persons Law (N.J.S. 2A:170-29). The defendant entered a plea of non vult, and the ensuing formal judgment, after setting forth that the defendant was informed of his constitutional rights and was afforded an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment, adjudged the defendant to be guilty and sentenced him to the county jail for 90 days. The defendant appealed to the Morris County Court and the State moved to dismiss his appeal in view of his non vult plea in the municipal court. The appeal was dismissed and notice of appeal to the Appellate Division from the judgment of dismissal was filed by the defendant. In support of his appeal he urges that under N.J.S. 2A:3-6 and R.R. 3:10-10 he was, notwithstanding his plea of non vult, entitled to prosecute his appeal to the Morris County Court and to be heard there de novo on the issue of guilt as well as on the punishment in the event of a new finding of guilt.
The defendant's plea of non vult was an implied confession of the offense and was equivalent to a guilty plea insofar as the judgment of conviction in the proceeding before the municipal court was concerned. See State v. Pometti, 12 N.J. 446, 452 (1953); Waters v. Court of Special Sessions of Essex County, 132 N.J.L. 44, 47 (Sup. Ct. 1944). There is nothing before us indicating that the plea was not made voluntarily and with full understanding of the nature of the charge (R.R. 8:4-3; R.R. 3:5-2), or that the defendant ever sought leave from the municipal court to withdraw his plea. See State v. Nicastro, 41 N.J. *234 Super. 484, 486 (Ct. Ct. 1956); R.R. 8:4-3; R.R. 3:7-10(a). The defendant's position is that even though the plea, which may for present purposes be deemed equivalent to a guilty plea, was made voluntarily and with full understanding of the charge, and was never sought to be withdrawn in the municipal court, it had no binding effect whatever on his appeal to the County Court under N.J.S. 2A:3-6 and R.R. 3:10-10. But the cited statute and court rule admittedly contain no specific language which deals with the matter, and the judicial determinations which have been rendered to date are admittedly not at all dispositive. Thus, in State v. Meinken, 10 N.J. 348, 354 (1952), an appeal was taken to the Middlesex County Court from the defendant's conviction upon his plea of guilt in the Municipal Court of South Brunswick Township; since the parties did not raise any question as to the appealability of the conviction, this court did not pass on it but did significantly close its opinion with the following pointed query:
"Would the fact that the defendant pleaded guilty in the municipal court require or justify a dismissal of his appeal? In this regard, see State v. Webber, 76 N.J.L. 199 (Sup. Ct. 1908); State v. Heyer, 89 N.J.L. 187 (E. & A. 1916); State ex rel. Borough of South Belmar v. Whittington, 4 N.J. Misc. 590 (Sup. Ct. 1926); 2 Am. Jur., Appeal and Error, § 230, p. 987."
In State v. Nicastro, supra, and State v. Schrier, 51 N.J. Super. 81 (1958), modified, 30 N.J. 241 (1959), the Essex County Court recently took the position that de novo review of the issue of guilt is impermissible where the conviction in the municipal court is based on a plea of guilt or non vult, and that an appeal to the County Court seeking such review is dismissible.
Elsewhere in the country the matter has been dealt with in varying fashions. See Annotation, "Plea of guilty in justice of the peace or similar inferior court as precluding appeal" 42 A.L.R.2d 995 (1955). In some states the local statutory provisions have been construed as authorizing a de novo review on appeal notwithstanding the guilty plea below. *235 See, e.g., Dickerson v. Commonwealth, 162 Va. 787, 173 S.E. 543 (1934), where a divided Virginia Supreme Court overruled its earlier contrary holding in Cooper v. Town of Appalachia, 145 Va. 861, 134 S.E. 591 (1926). In other states an appeal from the conviction resting on the plea of guilt has been held precluded by local statutory provisions or common-law principles of waiver and estoppel. See, e.g., People v. Brown, 87 Colo. 261, 286 P. 859 (Sup. Ct. 1930), and State v. Eckert, 123 Wash. 403, 212 P. 551, 552 (1923) where the Washington Supreme Court suggested that it would be "trifling with the courses of the law" to allow a defendant, who has confessed his guilt, to appeal from the conviction based on his plea. In still other states an appeal from the conviction based on the guilty plea is allowed but the full force of the guilty plea is wisely vindicated by confining the appeal to an attack on the sentence. See, e.g., State v. Funderburk, 130 S.C. 352, 126 S.E. 140 (Sup. Ct. 1925), and Smith v. State, 237 Ind. 244, 143 N.E.2d 408, 410 (1957) where the Supreme Court of Indiana noted that the plea of guilt in the municipal court "is tantamount to a confession of judgment of guilt and there is nothing from which an appeal may be taken except the measure of the punishment to be meted out." Cf. Hardy v. State, 35 Okl. Cr. 75, 248 P. 846 (Crim. Ct. App. 1926), where the court pointed out that since the conviction entered on a plea of guilt "is in effect a judgment by confession, no question as to the sufficiency of the evidence or the guilt of the defendant can ordinarily be raised."
In Burris v. Davis, 46 Ariz. 127, 46 P.2d 1084 (1935), the defendant entered a plea of guilt to the charge of driving while intoxicated and was thereupon convicted and sentenced by the justice of the peace to a term in jail. He sought to appeal and the question as to whether he had the right to do so came before the Supreme Court of Arizona. In holding that he was entitled to have his conviction reviewed on appeal, the court first acknowledged that ordinarily persons who plead guilty may not appeal (5 Wharton's Criminal Law and *236 Procedure § 2247 (1957)), but then proceeded to distinguish appeals from justices of the peace on the ground that they are generally untrained in the law and frequently conduct their proceedings "without strict observance of the rules of both procedural and substantive law." Similarly in State ex rel. Baggs v. Frederick, 124 Fla. 290, 168 So. 252, 253 (Sup. Ct. 1936), the court, in upholding an appeal from a conviction on the plea of guilt before a justice of the peace, acknowledged the rule that generally a conviction on the plea of guilt cannot be reviewed on appeal but differentiated appeals from justices of the peace, stressing the informality of their proceedings and the fact that in Florida they "are not courts of record."
In contrast, the New Jersey municipal courts are courts of record and their administration and practice are subject to carefully detailed rules promulgated by the Supreme Court. See Const. 1947, Art. VI, § II, par. 3; Board of Health of Weehawken Tp. v. New York Central R. Co., 10 N.J. 284, 290, 292 (1952); cf. Vanderbilt, "The Municipal Court," 10 Rutgers L. Rev. 647 (1956). As is true of all other courts, they maintain adequate records under general supervision of the Administrative Director. See R.R. 8:13. Their municipal magistrates operate under rules of conduct applicable to judges generally in the State (R.R. 8:13-7; R.R. 1:25); three out of four of them are now legally trained, and in due course all of them will be legally trained. See N.J.S. 2A:8-7. The County Court judges are ex-officio judges of the municipal courts, and the Superior Court judges may be assigned temporarily to the municipal courts. See N.J.S. 2A:8-11. The municipal magistrates exercise all of the traditional judicial powers, including the extraordinary power of contempt, and their actions are generally reviewable in the County Court as provided in N.J.S. 2A:3-6 and R.R. 3:10-10. See State v. Yaccarino, 3 N.J. 291 (1949); State v. Menke, 25 N.J. 66 (1957). N.J.S. 2A:3-6 states that the County Court of each county may hear, determine and review non-civil municipal court judgments; while it *237 broadly vests review jurisdiction in the County Court, it does not purport to deal with the effect of the plea of guilt or with the many other practice matters which are left to this court's judicial determinations and the exercise of its rule-making power under Article VI, § II, par. 3 of the 1947 Constitution.
Prior to the 1947 Constitution and the statutory creation of the present municipal court system (L. 1948, c. 264  see N.J.S. 2A:8-1 et seq.) there were variously named local tribunals whose judgments were reviewable under specific statutory provisions. Many of the statutes expressly excluded appeal where the judgment sought to be appealed from was by confession. See, e.g., R.S. 2:33-108; R.S. 2:230-7; R.S. 2:219-3; R.S. 2:224-8; cf. East Orange v. Richardson, 71 N.J.L. 458, 461 (Sup. Ct. 1904). Other statutes provided that the appeal shall operate as an application for a trial de novo and as a waiver of technical defects in the record, but made no mention of the effect of the plea of guilt. See, e.g., R.S. 2:206-11, as amended by L. 1941, c. 54, and L. 1942, c. 35. In State ex rel. Borough of South Belmar v. Whittington, 4 N.J. Misc. 590 (Sup. Ct. 1926), cited by this court in State v. Meinken, supra, the defendant entered the plea of guilt before the mayor of South Belmar to the charge of using loud, indecent and profane language and being under the influence of intoxicating liquors. The defendant was convicted on his plea and appealed to the Court of Common Pleas which set the conviction aside on the ground, inter alia, that the plea in the mayor's court would not support a conviction of the offense alleged. However, the former Supreme Court set aside the action of the Court of Common Pleas, pointing out that the plea adequately supported the conviction and that the defendant "cannot deny what his plea admits." See also State v. Webber, 76 N.J.L. 199, 201 (Sup. Ct. 1908), affirmed 77 N.J.L. 580 (E. & A. 1909).
When in 1948 the present Supreme Court adopted its first set of rules, it provided in Rule 2:11 that appeal from *238 a judgment of conviction in an inferior court of limited criminal jurisdiction shall be taken to the County Court and that it shall operate as an application for a trial de novo. Thereafter, Chief Justice Vanderbilt pointed out that some defendants had attempted under Rule 2:11(h) to relitigate the question of guilt on appeal even after they had pleaded guilty in the municipal court and that steps must be taken to "end this abuse." See Vanderbilt, supra, 10 Rutgers L. Rev., at p. 656. Although R.R. 3:10-10, which has replaced Rule 2:11(h), does not mention the effect of the plea of guilt, it does provide that the de novo appeal shall be heard "on the record" where there is a stenographic record or a sound recording of the proceedings in the municipal court. Thus the appealing defendant is fairly held to the recorded position he has taken in the municipal court and is generally not permitted a contrary position on appeal. The force of this seemly approach is particularly evident where the defendant has pleaded guilty in the municipal court to the offense charged though in that event there has been no occasion for a stenographic transcript or a sound recording.
In the light of all of the foregoing we have concluded that while a defendant who has pleaded guilty in the municipal court may properly take his appeal to the County Court under the general terms of N.J.S. 2A:3-6 and R.R. 3:10-10, he may not justly be permitted to reopen and relitigate in the County Court the factual issue as to his commission of the offense which he openly confessed in the municipal court by the guilty plea on which his conviction was firmly and legally grounded. He may, of course, apply to the municipal court for leave to withdraw his plea on the ground that it was not made voluntarily and with full understanding of the nature of the charge (R.R. 8:4-3; R.R. 3:5-2) or on any other just ground; and in the event the municipal court declines to exercise its discretion so as to permit withdrawal of the plea, he may review its action in the County Court. See State v. Nicastro, supra. But, absent proper withdrawal of the plea, his appeal in the *239 County Court is generally to be confined to the matter of sentence. See State v. Funderburk, supra; Smith v. State, supra; Hardy v. State, supra. It is true that, in dealing with reviews other than those heard under N.J.S. 2A:3-6 and R.R. 3:10-10, this court has taken the position that a sentence will not ordinarily be reviewed by the appellate court. See In re Lewis, 11 N.J. 217, 224 (1953); State v. Benes, 16 N.J. 389, 396 (1954); cf. State v. Schmelz, 17 N.J. 227, 238 (1955). A similar approach has been taken by many appellate courts elsewhere although it has been said there are increasingly hopeful signs indicating some erosion in the general "doctrine of non-reviewability." See Note, 101 U. Pa. L. Rev. 257, 264 (1952); Corlew v. State, 181 Tenn. 220, 180 S.W.2d 900, 904 (Sup. Ct. 1944); Montalto v. State, 51 Ohio App. 6, 199 N.E. 198, 200 (1935); Commonwealth v. Garramone, 307 Pa. 507, 161 A. 733, 89 A.L.R. 291 (Sup. Ct. 1932); Fritz v. State, 8 Okl. Cr. 342, 128 P. 170 (Crim. Ct. App. 1912); Annotation, "Reduction by appellate court of punishment imposed by trial court," 29 A.L.R. 313 (1929), 89 A.L.R. 295 (1934). Cf. Sobeloff, "A Recommendation for Appellate Review of Criminal Sentences," 21 Brooklyn L. Rev. 2 (1954); George, "Comparative Sentencing Techniques" 45 A.B.A.J. 250 (1959). However, we need not here concern ourselves with the historical soundness or the modern-day justification of the general doctrine since we are satisfied that the broad review provisions of N.J.S. 2A:3-6 and R.R. 3:10-10 embody sufficient evidence of the concordant legislative and judicial contemplation that, on an appeal from the municipal court to the County Court, the sentence of a guilty defendant is to be redetermined by the County Court which has been empowered to lower or increase the sentence within the limits prescribed by law. See State v. Dunn, 45 N.J. Super. 224, 227 (App. Div. 1957); State v. Taylor, 38 N.J. Super. 6, 30 (App. Div. 1955); State v. Elliott, 13 N.J. Super. 432, 435 (App. Div. 1951); City of Passaic v. Passaic County, 54 N.J. Super. 254, 259 *240 (App. Div. 1959). In the Dunn case the County Court, after finding the defendant guilty, proceeded to adopt the municipal court sentence without exercising its own discretion; in reversing, the Appellate Division properly stressed the County Court's independent obligation on an appeal under N.J.S. 2A:3-6 and R.R. 3:10-10 to impose sentence within the limits prescribed by law.
Applying the above principles, the County Court should not have dismissed the appeal in the instant matter but should have held the defendant legally bound by his guilty plea and have imposed such sentence as it deemed just and proper under the circumstances. In the exercise of this sentencing power the County Court will act much in the same manner as if the plea of guilt to the offense charged in the complaint had originally been entered before it and will take care to afford to the defendant opportunity "to make a statement in his own behalf and to present any information in mitigation of punishment." Cf. R.R. 3:7-10(c). It seems to us that this procedure will justly protect the rights of both the State and the defendant and will fairly recognize the judicial authority of the municipal court while safeguarding against dangers of abuse. See Bernstein, "The Inordinate Sentencing Power of the Municipal Court," Passaic County Reporter (Dec. 1956).
Reversed and remanded for further proceedings in accordance with this opinion.
For reversal  Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO  7.
For affirmance  None.