21 N.J. Super. 507 (1952)
91 A.2d 433
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES WEISS, SR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1952.
Decided October 2, 1952.
*508 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. Ellis M. Kopp argued the cause for the plaintiff-respondent (Mr. Harry L. Towe, Acting Prosecutor of Bergen County), attorney.
Mr. William V. Breslin argued the cause for the defendant-appellant (Mr. Sidney Dincin on the brief).
The opinion of the court was delivered by FRANCIS, J.C.C.
This appeal is from a conviction of driving an automobile while under the influence of intoxicating liquor in violation of R.S. 39:4-50. Two grounds of appeal were urged in the brief, namely, that the finding of guilt is not supported by the weight of the evidence and that the court erred in considering on the trial de novo certain evidence which the return of the municipal magistrate indicated was introduced before him. At the argument the first error assigned was abandoned.
The record discloses that as part of the defense offered at the trial, appellant testified that shortly before his arrest on January 29, 1952, while stepping off the curb in West New York, he slipped and fell, striking the back of his head on the curb. As a result he became "shaky" and "groggy" and was taken back into the house from which he had just come. While there a friend gave him a glass of whiskey, following which he rested for a while. Then he left, got into his car and drove to Fairview where the arrest took place. At police headquarters he was examined by a physician and pronounced unfit to drive by reason of intoxication. *509 On February 6, eight days thereafter, he visited his family doctor who said that the complaints made to him were ringing in the ears, dizziness, weakness and nausea. Examination disclosed a crusted wound in the back of the head and the doctor indicated that the symptoms resulting from the injury were "greatly similar" to those which might appear in a condition of intoxication. It is thus apparent that the defense effort was to show that when the police physician's examination took place Weiss was suffering from a brain concussion or a head injury and not under the influence of alcohol.
At the close of the cross-examination, the court asked Weiss a number of questions obviously designed to find out the condition he was in mentally and physically at the time of his arrest and examination. Among other things he was asked whether he told Dr. Brown, the police doctor, that he had had a few glasses of "hard liquor" and he replied that he conceded having one drink. On being pressed he specifically denied saying to any one that he had imbibed a few drinks. In announcing his conclusion orally at the close of the case the court said it was not likely that Weiss was suffering from a head injury or a concussion or the effects of some sedation (also alleged to have been taken on the afternoon of the day in question), because he remembered so clearly the facts surrounding the arrest, the proceedings at police headquarters, and to a certainty that he did not tell the doctor about having had a few glasses of hard liquor.
Appellant points out that neither Dr. Brown nor any other witness testified that any such admission about a few glasses of liquor had been made. Then he refers to the fact that such an admission is noted in the return of the magistrate who heard the case originally and he charges that the county judge, whose duty it was to hear the case de novo, improperly used facts not before him in reaching his conclusion of guilt.
That the defendant in such a case is entitled to a trial de novo on appeal from the municipal court and that *510 the matter should be decided entirely on the record made in the County Court is not open to question. (Rule 2:11 (h) (1)). Rule 2:11 (c) prescribes that when the appeal is taken, "the clerk of the inferior court, forthwith, shall deliver to the clerk of the appellate court, the complaint and the judgment of conviction or a copy thereof; the exhibits and a transcript of the entire docket in the cause." This does not mean the testimony of the witnesses.
If it appeared that testimony which had been adduced in the trial in the municipal court was used by the county judge, to the prejudice of the defendant, in reaching his determination, without such evidence having been reintroduced on the trial de novo, the action would constitute error. The Judge here was aware of the limited purpose of the lower court record. During the trial, after he had asked the defendant the questions to which reference has been made, counsel said:
"I notice Your Honor has been reading what someone else testified to. There is no jury here but I hope Your Honor is not going to consider that as evidence and decide on that."
The court replied:
"It is not evidence in this Court."
When the defendant's conviction was announced no statement was made indicating that the defendant had admitted in the original proceeding the consumption of a few drinks or that the court was considering any such admission as evidence in the trial before him or using it as a reflection on defendant's credibility. The remarks were to the effect that since defendant remembered so clearly the events and conversation that took place in police headquarters, including that he had not admitted having had a few drinks of hard liquor, it was probable that he was not then suffering from a concussion of the brain or any head injury which would have accounted for the symptoms of *511 intoxication. Undoubtedly the introduction of the subject by the court justifiably caused some concern on the part of appellant as to whether his guilt or innocence was being determined solely on the evidence then properly present. And we incline to the view that the generation of such concern should be avoided. However, the court said unqualifiedly that what he was perusing was not evidence and we accept his statement in that regard.
In any event appellant concedes that the judgment of conviction is not against the weight of the evidence. Our own independent examination of the record has led us to the conclusion that the state amply established his guilt by competent and material proof and that no prejudice resulted to him from the incident which forms the basis of the appeal.
Under the circumstances the ground of appeal urged does not find support in the record. Consequently the judgment is affirmed.