30 N.J. Super. 288 (1954)
104 A.2d 332
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EMANUEL TERRY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered March 8, 1954.
Decided April 8, 1954.
*289 Before Judges EASTWOOD, JAYNE and CLAPP.
Mr. David R. Brone, Assistant County Prosecutor, for the respondent (Mr. Lewis P. Scott, Atlantic County Prosecutor, attorney).
Mr. Emanuel Terry, pro se.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The defendant-appellant appeals from the denial by the Law Division of his application for the issuance of a writ of habeas corpus to review his allegedly unlawful detention and confinement in State Prison.
On January 14, 1952 the appellant signed a written waiver of indictment and trial by jury on an accusation charging him, in the first count, with having committed an assault with intent to kill one Gladys Cohen while armed with a knife and, in the second count, with having committed an assault and battery upon her. On the same day, appellant appeared before the Atlantic County Court and entered a plea of non vult to both charges. However, following a colloquy between the court and the prisoner as to whether he understood that there were two accusations against him, he still stated: "I will plead non vult and get it over with." The court accepted the plea of non vult to the second count, but refused to accept the plea of non vult to the first count, directing that a plea of not guilty be entered thereto. Later that day, following the disposition of several other matters before the court, the State proceeded with the trial of the defendant on the charge embraced in the first count. He acted as his own counsel, cross-examining the State's witnesses and testifying in his own behalf. At the conclusion of the trial, he was found guilty by the court and a sentence of five to seven years in State Prison was imposed upon him.
*290 In his appeal from the denial of the issuance of the writ of habeas corpus appellant contends that the court erred in refusing to issue the writ, in that he was not advised of his right to counsel and, therefore, his constitutional rights were violated. It is undisputed that the defendant was not at any time, in compliance with R.R. 1:12-9(a), informed by the court of his right to counsel.
At this posture of the case we are not called upon to determine whether, because of the trial court's failure to inform him of his right to counsel, appellant is unlawfully imprisoned. The only question for our consideration is whether, under the circumstances, the writ of habeas corpus should have been issued and a hearing held thereon to ascertain whether appellant's constitutional rights had been violated.
The State argues that the record clearly shows that the defendant had several previous brushes with the law, and in connection with one prior conviction he was then on parole; that fortified with those experiences, he was fully aware of his constitutional rights and well knew the effect of voluntarily signing the waiver; that by proceeding to trial without the assignment of counsel, in conducting his own defense, cross-examining the witnesses and voluntarily testifying in his own behalf, there was a clear indication of a waiver of his right to counsel.
"The rule or principle has been enunciated and applied that in habeas corpus proceedings, after a penal judgment and sentence, there should be no presumption that the accused, prior to the judgment or sentence, waived his right to the assistance of counsel, but that the court should indulge in every reasonable presumption against such a waiver, and that, since a waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege, the accused cannot be deemed to have waived his right to assistance of counsel where he did not know and was not advised of that right. Kruttschnitt v. Hagaman, 128 N.J.L. 246, 250 (Sup. Ct. 1942); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)." State v. Griffith, 14 N.J. Super. 77, 83, 84 (App. Div. 1951).
In the instant case, the State does not contend that the trial judge informed the defendant of his right to counsel, but insists that, as held in Sims v. Read, 28 N.J. Super. 557 *291 (Law Div. 1953), the rule in question is directory in nature and not jurisdictional per se, and that while the rule should be strictly complied with, failure of compliance will not in itself invalidate a conviction imposed upon defendant appearing without counsel. It is significant, however, that in the Sims case the writ of habeas corpus was issued, hearing thereon was held and the conclusions of the court were founded upon the record of the hearing.
As to the State's contention that the defendant elected to act as his own counsel, as was his privilege, and thereby waived his right to counsel, again we say that it is a question that should be properly considered and decided at a hearing on the writ.
Another contention made by the defendant is that he was influenced to enter his plea of non vult upon the express understanding and promise of Atlantic County police officials "* * * that the court would only return him to the New Jersey State Reformatory at Bordentown for parole violation." There is nothing in the record to support that assertion. If we were to assume, for the sake of argument, that such a promise had been made, the officers were without authority to make any such promise, and certainly, under the circumstances here, the defendant cannot rely upon it or receive any benefit therefrom. Subject to statutory limits, the determination of the penalty to be inflicted is a matter resting exclusively in the discretion of the trial court. Neither the prosecutor nor members of the police department nor any other officials have any authority to make agreements on the subject, and such conduct, if engaged in, is reprehensible. State v. Miller, 16 N.J. Super. 251 (App. Div. 1951); State v. Pometti, 23 N.J. Super. 516 (App. Div. 1952), affirmed 12 N.J. 446 (1953).
We are convinced that the appellant was entitled to the issuance of the writ of habeas corpus and thus given an opportunity for a hearing thereon.
The judgment denying the writ is reversed and the matter is remanded to the trial court for the issuance of a writ and hearing thereon.