38 N.J. Super. 31 (1955)
118 A.2d 106
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EMANUEL TERRY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1955.
Decided November 9, 1955.
*32 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. David R. Brone, First Assistant County Prosecutor, argued the cause for the respondent (Mr. Lewis P. Scott, Atlantic County Prosecutor, attorney).
Mr. Alexander Blatt argued the cause for the appellant.
The opinion of the court was delivered by FRANCIS, J.A.D.
Appellant, who is confined to New Jersey State Prison serving a five to seven year sentence, was granted a writ of habeas corpus to review the validity of his confinement. State v. Terry, 30 N.J. Super. 288 (App. Div. 1954). After hearing on June 17, 1954 the writ was discharged. An appeal followed but apparently it was not pursued.
On October 25, 1954 a new petition for a writ was denied because it presented the same issue as that disposed of in the earlier proceeding. Again an appeal came too late to permit consideration by this court.
*33 On January 21, 1955 a third petition was filed and dismissed for the same reason. Subsequently we granted leave to appeal in forma pauperis.
The entire record of the case is now before us, including that of the original trial at which the prisoner was convicted and the prosecutor has been considerate enough to offer no objection to a plenary review of the basic problem presented.
The conviction is attacked on the single ground that Terry had no counsel to defend him at the trial in the County Court and was not advised that he had the right to counsel either before or after his plea there, or prior to the trial.
It may be noted at the outset that in non-capital cases the failure to advise the defendant of the right to have the assistance of counsel in his defense, of itself, does not deprive the court of jurisdiction to try him or nullify the conviction. Such a result comes about only when, upon an evaluation of all of the facts in a given situation, it appears that prejudice resulted from such failure. Zasada v. State, 19 N.J. Super. 589 (App. Div. 1952); Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686 (1949); Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942).
The testimony in the habeas corpus proceeding shows that Terry was arraigned in the municipal court on a complaint charging him with assault with intent to kill and with atrocious assault and battery. The charges arose out of a knife attack made by him on a woman with whom he had been living for some time. The magistrate testified that he advised the accused of his right to have counsel both in his court and in the County Court. A plea of non vult was offered but the matter was held for action by the grand jury.
Subsequently a waiver of indictment and trial by jury was executed and Terry was brought before the County Court on January 14, 1952 to plead to a complaint alleging assault with intent to kill and assault and battery. Apparently atrocious assault and battery was not charged as in the magistrate's court. There he attempted to plead non vult to both charges but after some conversation with him, the court declined to accept the plea to the charge of assault with *34 intent to kill and said he would hear the matter at the conclusion of some other cases that were before him.
At this point an interpolation of some significance may be made. The record discloses that at the time of the offense, Terry was on parole from Bordentown Reformatory to which he had been committed in June 1948, after a plea of non vult to the crime of burglary. It appears also that he was arraigned in the municipal court in 1948 on a hold-up accusation. He was defended by counsel and the charge was dismissed. In 1950, while on parole, he was tried for and acquitted of larceny, apparently in the County Court; counsel represented him. Again, in June 1951 he was charged in the municipal court with breaking and entering the apartment of the woman involved in this case. A dismissal was entered on that occasion. These circumstances are referred to primarily to indicate that Terry was not without experience in the criminal courts.
After disposition of the other cases, trial of the charge of assault with intent to kill proceeded. It is stipulated that the court did not advise the accused of his right to counsel.
It was undisputed, in fact it was admitted, that at about 1:30 A.M. on January 5, 1952, defendant broke the glass in the door of the complainant's apartment and gained entrance. She was in bed at the time. He slashed her throat and forehead with a knife, inflicting lacerations requiring hospitalization and suturing. Terry admitted also that he had written a letter, which was put in evidence, saying he was going to kill her.
It does not seem to be necessary to detail any of the complainant's testimony, the prisoner's cross-examination of her and of the police witnesses, or his own defense which provided no justification for the cutting and ample proof of intent.
Our appraisal of all the facts and circumstances has not led to the conclusion that any prejudice was suffered by Terry because of the failure of the County Court to repeat the advice of the magistrate that he was entitled to counsel.
*35 Consequently, the refusal to grant the various applications for the writ of habeas corpus, as well as the discharge of the earlier writ, were all justified. The action under review is therefore affirmed.