45 N.J. Super. 224 (1957)
132 A.2d 318
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALTER F. DUNN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 27, 1957.
Decided May 31, 1957.
*225 Before Judges GOLDMANN, FREUND and CONFORD.
*226 Mr. Joseph M. Rotolo argued the cause for appellant (Messrs. Rotolo & Rotolo, attorneys).
Mr. Cuddie E. Davidson, Jr., Special Assistant Counsel, argued the cause for respondent (Mr. H. Russell Morss, Jr., County Prosecutor, and Mr. Hyman Isaac, First Assistant Prosecutor, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant appeals from the sentence imposed by the County Court after conviction for violation of N.J.S.A. 39:4-98, speeding.
Dunn had been charged in the municipal court with violating the statute in that he operated an automobile at the rate of 50 miles an hour in a 25-mile residential zone in the City of Plainfield. After plea of not guilty and trial, the municipal magistrate found him guilty as charged and imposed a sentence of $30 fine, $5 costs, and revocation of driving privileges for a period of 30 days. Defendant then appealed to the County Court, R.R. 3:10-2, the revocation being stayed by the magistrate pending the outcome.
No stenographic record having been made in the municipal court, the appeal to the County Court operated as an application for a plenary trial de novo without a jury. R.R. 3:10-10(a). After a full hearing the County Court found defendant guilty as charged. Dunn's attorney was then afforded an opportunity to make a statement in mitigation of punishment, R.R. 3:7-10(c), in the course of which he noted that it was the policy of the local magistrate, in the case of violators driving at a speed of 50 miles an hour or over, to impose at least a 30-day revocation of license in addition to a fine. However, he stressed the fact that there was some question as to whether defendant had been travelling at a speed of 49 or 50 miles.
The court, in imposing sentence, stated:
"Magistrate Kiely, in addition to a fine revoked the license of the defendant for thirty (30) days, in accordance with a policy *227 which he had set as has been revealed now. He is the Magistrate of the Plainfield Municipal Court, and he is in a better position to determine the policy that is best adopted for the safety of the public in Plainfield. Consequently, I find the defendant guilty, as charged, to receive the same sentence imposed; a fine of $30, plus costs, and his license will be revoked for thirty days.
Now, I will hold up the revocation of that license for several days in the event you want to reappear before Magistrate Kiely and argue the question of sentence; if you want to do that and see if he will reconsider that, I will be glad to hold it up."
Defendant does not contend his conviction was improper. He had testified that he was travelling between 35 and 40 miles an hour when apprehended, his estimate being based upon the "feel" of the Cadillac he was driving. The patrolman who made the arrest testified that his electric timing machine showed Dunn was travelling at the rate of 50 miles per hour, cf. State v. Dantonio, 18 N.J. 570, 581 (1955), and that when shown the reading on the timer Dunn said he was "amazed" at his speed. But whether defendant was driving at a rate of 50 miles an hour or somewhat less is inconsequential; the evidence clearly established that he was exceeding the 25-mile speed limit. Defendant's objection goes solely to the sentencing procedure followed by the County Court.
A trial de novo is not limited merely to the taking of testimony, its assessment, and a determination of guilt or innocence, but includes the imposition of a sentence measured by the court's own discretion. On appeal, the County Court on a trial de novo has the power to impose such sentence as is provided by law, R.R. 3:10-10(e); State v. Taylor, 38 N.J. Super. 6, 30 (App. Div. 1955). Subject to statutory limits, the determination of the penalty to be inflicted is a matter resting exclusively in the discretion of the trial court. State v. Terry, 30 N.J. Super. 288, 291 (App. Div. 1954).
A driver convicted of exceeding the speed limits fixed by N.J.S.A. 39:4-98 is subject to a fine of not more than $200, or imprisonment for a period not exceeding ten days, or both. N.J.S.A. 39:4-104. In addition, the *228 court may revoke a driver's license when he has been "guilty of such willful violation" of any of the provisions of the Motor Vehicle and Traffic Act "as shall, in the discretion of the magistrate, justify such revocation." N.J.S.A. 39:5-31.
Defendant complains that he was deprived of a plenary trial de novo in its true sense because the County Court did not impose sentence based on the evidence before it, but rather adopted the sentence imposed by the municipal magistrate. In short, he contends that the County Court judge failed to exercise his own discretion in fixing sentence, particularly when he revoked defendant's driving license for 30 days.
On a trial de novo on appeal from the municipal court, a defendant is entitled to have the matter decided entirely on the record made in the County Court. State v. Weiss, 21 N.J. Super. 507, 509-510 (App. Div. 1952). The County Court, sitting as judge and jury, was under a duty to impose sentence without regard to that imposed by the municipal magistrate, or the reason therefor. The imposition of sentence is the formal declaration by the court to the accused of the legal consequences of guilt of the crime charged. That declaration must be the court's own, particularly, under the statute here involved, in the matter of revocation of license.
It was said at oral argument, in explanation of the language used by the County Court judge when he imposed sentence, that he was merely cooperating with the municipal authorities, and coordinating his sentence with the policy established by the local magistrate, out of consideration for the latter's superior opportunity to observe and judge local traffic safety problems and needs. However desirable that may be, the County Court was bound to arrive at its own determination of sentence in the light of all the facts revealed in the course of the trial de novo. It was, for example, developed without contradiction that Dunn had averaged from 30,000 to 35,000 miles a year during his 16 years as a licensed driver, and had never been *229 charged with a motor vehicle violation. This could well have influenced the independent judgment of the County Court toward a conclusion that a fine and costs, without revocation of license, would be an adequate sentence in the circumstances. We are not, however, suggesting that a proper exercise of discretion necessarily precluded the revocation.
We cannot help but conclude, after carefully reading the remarks of the County Court judge at sentencing, that he abdicated his discretion out of a desire to cooperate with the local traffic safety policy set by the municipal magistrate. In fact, he was willing that Dunn's attorney go before the magistrate to see if he could convince him to impose a lesser penalty, and it may be inferred that if counsel were successful in convincing the magistrate, the County Court would have gone along with the reduced sentence.
R.R. 1:5-1(c), made applicable to this court by R.R. 2:5, provides that
"If a judgment of conviction shall be reversed for error in the sentence, the appellate court may render such judgment as should have been rendered, or may remand the cause to the court in which the conviction was had for proper and lawful sentence."
Since the County Court judge heard and observed the witnesses, it is best that he, rather than this court, determine just what the sentence should be in the circumstances. Reversed and remanded to the County Court for redetermination of the penalty to be imposed.