69 N.J. Super. 264 (1961)
174 A.2d 248
PAUL JERABEK, DEFENDANT-APPELLANT,
v.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 18, 1961.
Decided October 6, 1961.
*265 Before Judges CONFORD, FREUND and LABRECQUE.
Mr. Francis J. Simone (assigned) argued the cause for defendant-appellant.
Mr. Eugene T. Urbaniak, Deputy Attorney General, argued the cause for respondent (Mr. David D. Furman, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by LABRECQUE, J.S.C. (temporarily assigned).
The appellant, Jerabek, was convicted of armed robbery in the Union County Court and sentenced to from 5 to 7 years in the New Jersey State Prison. He began to serve his term on January 23, 1956. On June 9, 1958 he was granted a parole. On November 29, 1959 he was declared a delinquent on parole because he absented himself from parole supervision. On March 27, 1960 he was arrested in Florida and returned to Greenburg, New York, where he was held for grand jury action in the Special Sessions Court in *266 connection with the alleged disappearance of the sum of $1,200 from his place of employment. On May 27, 1960 he entered a plea of not guilty to a charge of grand larceny. On September 13, 1960 he was permitted to retract this plea and enter a plea of guilty to petit larceny (asserted to be a non-indictable offense in New York). On the latter charge he was sentenced to one year in the Westchester County Penitentiary, which sentence was suspended. No contention is made that his plea of guilty was not equivalent to a conviction. State v. Compton, 28 N.J. Super. 45 (App. Div. 1953).
In the meantime, his parole had been revoked for the following reasons: (1) failing to reside in a district approved by his parole officer; (2) failing to report to the parole officer in accordance with the instructions given him; (3) purchasing a truck on credit without securing approval of his parole officer; and (4) leaving the State of New Jersey and going to New York without the approval of the parole officer. He was returned to New Jersey on September 20, 1960 and began to complete the time remaining on his conviction for armed robbery. Because of his conviction in New York, the time remaining on the sentence was calculated from the date of his original release on parole, June 9, 1958, thus causing him to lose his "street time." (June 9, 1958 to November 29, 1959.)
The Parole Board granted him a hearing (N.J.S.A. 30:4-123.23) at which he raised the contention that his plea of guilty to petit larceny in New York did not constitute conviction of a crime and hence he had been improperly deprived of credit on account of his sentence for his "street time."
The present appeal is from the adverse ruling of the Parole Board.
Two grounds are urged for reversal: (1) his conviction in New York did not involve a crime which justified his being deprived of his "street time," and (2) he was denied the right to counsel at the hearing before the Parole Board.
*267 If his substantive contention is correct, he has already served his sentence and his discharge would be in order.
N.J.S.A. 30:4-123.20 provides as follows:
"When the board shall release the prisoner on parole it shall specify in writing the conditions of the parole, and a certificate of parole setting forth such conditions shall be given to the parolee and shall be accepted by him as evidence [sic] by his signature affixed to a duplicate copy to be retained in the files of the board."
One of the conditions of parole which was accepted by the appellant was:
"7. If you are convicted of a crime while on parole or commit an offense while on parole which subsequently results in conviction of crime, this parole may be revoked without notice and, in such case, you shall, unless reparoled, be required to serve all of the time remaining on your sentence or the aggregate maximum of your consecutive sentences, as of the effective date of your release on this Certificate of Parole."
N.J.S.A. 30:4-123.24 reads as follows:
"A prisoner, whose parole has been revoked because of a violation of a condition of parole or commission of an offense which subsequently results in conviction of a crime committed while on parole, even though such conviction be subsequent to the date of revocation of parole, shall be required, unless said revocation is rescinded, or unless sooner reparoled by the board, to serve the balance of time due on his sentence to be computed from the date of his original release on parole. If parole is revoked for reasons other than subsequent conviction for crime while on parole then the parolee, unless said revocation is rescinded, or unless sooner reparoled by the board, shall be required to serve the balance of time due on his sentence to be computed as of the date that he was declared delinquent on parole."
Appellant contends that his plea of guilty to petit larceny in New York did not constitute conviction of a crime because that offense was not one subject to indictment by a grand jury. The board denies that the offense was not a crime under New York law but urges that even if it were not, what constituted a crime was to be determined *268 by the law of this State, that the offense that the defendant committed would have been a misdemeanor under N.J.S. 2A:119-2 and thus was a crime, as referred to in N.J.S.A. 30:4-123.24. We need not decide the latter point if, as we think, the former is sound.
The Penal Law of the State of New York defines a crime as an act or omission forbidden by law and punishable upon conviction by "1. Death; or, 2. imprisonment; or, 3. fine * * *." It divides crimes into two classifications: felonies and misdemeanors. McKinney's Consolidated Laws of New York, c. 40, Penal Law, § 2. It provides that petit larceny is a misdemeanor. Id., § 1299. Accordingly, the offense of which appellant was convicted constituted a crime in both states.
The appellant next contends that he was denied the right to counsel at the Parole Board hearing, citing N.J.S.A. 30:4-123.25. We note the absence of any request for counsel either before or at the hearing and conclude that the error charged is the Board's omission to advise him of his "right" to counsel. It is not contended that counsel, if present, could have done more than present to the Board the substantive point argued above. Since we have concluded that it is without merit, we likewise find that he suffered no prejudice from the omission. State v. Terry, 38 N.J. Super. 31, 32 (App. Div. 1955). We do not pass upon the question of whether the Board was required to advise the appellant of his right to counsel or to assign counsel to him if he so desired.
Affirmed.