# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0589, <u>State of New Hampshire v. Susan Hassett</u>, the court on November 23, 2016, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Susan Hassett, was convicted, following a <u>de novo</u> jury trial in Superior Court (<u>Mangones</u>, J.), <u>see</u> RSA 599:1 (2001) (amended 2015), of driving while intoxicated, second offense. <u>See</u> RSA 265-A:2, I(b) (2014); RSA 265-A:18, IV (2014). She contends that the trial court, in sentencing her, committed plain error "by considering the sentence declared by the circuit court, even though that sentence had been vacated by virtue of the <u>de novo</u> appeal." (Upper case omitted.) <u>See</u> <u>State v. Pennock</u>, 168 N.H. 294, 310 (2015) (describing plain error rule).

A trial judge has broad discretion to choose the sources and types of evidence upon which to rely in imposing sentence, and we review that sentencing decision under our unsustainable exercise of discretion standard. <u>State v. Littlefield</u>, 152 N.H. 331, 357 (2005). The defendant does not cite, nor are we aware of, any authority for her contention that, upon <u>de novo</u> appeal, the trial court may not "consider" the sentence imposed by the circuit court; the cases from other jurisdictions upon which she relies do not extend this far. <u>See</u> <u>Anderson v. Bilandic</u>, No. C 1550, 1979 U.S. Dist. LEXIS 13949 at *7 (N.D. Ill. Mar. 7, 1979) (finding due process violation when "mere filing of appeal . . . routinely result[ed]" in increased penalty); <u>Jacoby v. State</u>, 199 N.E. 563, 565 (Ind. 1936) (stating, when conviction reversed upon appeal and remanded for new trial, first verdict could not be referred to in evidence or argument); <u>State v. Meadows</u>, 68 S.E.2d 406, 407 (N.C. 1951) (addressing whether superior court, upon <u>de novo</u> appeal, can impose greater sentence than lower court); <u>State v. States</u>, 208 A.2d 633, 637 (N.J. 1965) (stating superior court must exercise independent judgment when imposing sentence upon <u>de novo</u> appeal); <u>State v. Dunn</u>, 132 A.2d 318, 320-21 (N.J. Super. Ct. App. Div. 1957) (stating trial court erred by abdicating discretion and imposing lower court's sentence instead of determining sentence based upon evidence before it); <u>State v. Cunningham</u>, 972 S.W.2d 16, 18 (Tenn. Crim. App. 1998) (stating that "[m]erely reviewing the judgment of the [lower] court for abuse of discretion does not satisfy" the statutory requirement of <u>de novo</u> hearing); <u>State v. Ballard</u>, No. W2003-01593-CCA-R3CD, 2004 WL 1533920, at *2 (Tenn. Crim. App. July 8, 2004) (stating remand to lower court for enforcement of that court's sentence does not satisfy statutory requirement of <u>de novo</u> hearing); <u>State v. Moore</u>, No. W2003-01581-CCA-R3CD, 2004 WL 1567125, at *2 (Tenn. Crim. App. July 12, 2004) (same).

In this case, the defendant argues that "it was fundamentally inconsistent with the notion of a de novo appeal for the Superior Court to request [a copy of] and consider the sentence declared by the Circuit Court." However, the defendant does not argue, nor does the record support, that the trial court deferred to or considered itself bound by the circuit court's sentence. Thus, we cannot conclude that the trial court contravened "the independence of de novo proceedings within the two-tier system."

The defendant argues that "[i]f the Superior Court intended to impose the maximum sentence regardless of what sentence the Circuit Court declared, it would not have requested a copy of the Circuit Court's sentence." However, the State requested that the trial court impose "the sentence that was imposed [i]n the District Court"; thus, the trial court needed the circuit court's sentence to understand the State's recommendation. Although the defendant asserts that "the record contains no reason to conclude that the Superior Court would have imposed the maximum sentence had it not considered the Circuit Court's sentence," the evidence shows that this was a serious and subsequent offense, justifying the maximum sentence. See Littlefield, 152 N.H. at 357.

To the extent that the defendant argues that the trial court's statement "that it had 'added' two provisions to the sentence . . . demonstrates that it was using the Circuit Court's sentence as a baseline," we conclude that the trial court was merely calling the parties' attention to its deviation from the State's request. Cf. Fischer v. Superintendent, Strafford County House of Corrections, 163 N.H. 515, 519 (2012) (stating that we interpret trial court orders de novo). We note that the defendant does not contend that the sentence imposed by the trial court was retaliatory. Cf. State v. Abram, 156 N.H. 646, 652 (2008) (stating presumption of vindictiveness not applicable when first and second sentences imposed by different judges).

The defendant does not argue that the trial court was precluded from independently imposing the same sentence as was imposed by the circuit court. Thus, whether the circuit court's sentence "may [have been] tainted by unreviewable error" or was "not the product of a thorough sentencing proceeding" is not relevant.

Accordingly, we cannot conclude that the trial court committed error, plain or otherwise. See Pennock, 168 N.H. at 310.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2